Railroad Law (Laws 1890, p. 1082), c. 565, § 2, declares that the certificate of incorporation of a railroad company must state the names and description of the streets, avenues, and highways in which the road is to be constructed. Section 59 (Laws 1892, p. 317, c. 545) declares that no road shall exercise its corporate powers until the directors shall cause a copy of the articles of association to be published in one or more newspapers in each county in which the road is proposed to be located, and file proof of publication with the Board of Railroad Commissioners, nor until the board shall certify that public convenience requires the construction of the road as proposed in the articles. Section 59a (Laws 1898, p. 1497, c. 643) provides that, where it shall appear to the Board of Railroad Commissioners, after examination of the proposed route, that public convenience does not require the construction of the road as proposed, but does require the construction of a part of it, the board may issue a certificate for the construction of such part. *Held*, that the law contemplates that the commissioners shall determine the necessity and convenience of the route proposed in the articles of association, and hence the commissioners have no authority to issue a certificate to the effect that public convenience requires the construction of a road between two points, provided that the road shall be built "upon private right of way, and not in the highway, except in cities and villages."

    Chester and Houghton, JJ., dissenting.

Certiorari by the people, on the relation of the New York Central & Hudson River Railroad Company, to review the decision of the Board of Railroad Commissioners granting to the Rochester, Syracuse & Eastern Railroad Company a certificate of public necessity to construct a trolley road between Rochester and Syracuse. Reversed.

    The route of the Rochester, Syracuse & Eastern Railroad Company is from Rochester to Syracuse, paralleling to an extent the road of the relator. It runs through the various villages along the route, in some cases running a considerable distance from the relator's road. The certificate given recites that "the Board of Railroad Commissioners hereby certifies that public convenience and a necessity require the construction of the railroad of the Rochester, Syracuse & Eastern Railroad Company as proposed in the articles of association of said company, provided that said railroad shall be built upon private right of way, and not in the highway, except through cities,

villages, and hamlets on its route." The validity and propriety of this certificate is sought to be here raised by this writ of certiorari.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Albert H. Harris, for relator.

William Nottingham, for respondents.

SMITH, J.  By section 2 of the railroad law (chapter 565, p. 1082, Laws 1890) the certificate of incorporation of the applicant road was required to state "the names and a description of the streets, avenues and highways in which the road is to be constructed." By section 59 of that law (Laws 1892, p. 1395, c. 676, as amended by Laws 1895, p. 317, c. 545) it is provided that no railroad corporation shall exercise the powers conferred by law upon such corporation or begin the construction of its road "until the directors shall cause a copy of the articles of association to be published in one or more newspapers in each county in which the road is proposed to be located, at least once a week for three successive weeks, and shall file satisfactory proof thereof with the Board of Railroad Commissioners, nor until the Board of Railroad Commissioners shall certify that the foregoing conditions have been complied with, and also that public convenience and a necessity require the construction of said railroad as proposed in said articles of association.  The foregoing certificate shall be applied for within six months after the completion of the three weeks' publication hereinbefore provided for."

By section 59a (Laws 1898, p. 1497, c. 643) it is provided that upon such an application, "where it shall appear to the Board of Railroad Commissioners after examination of the proposed route of the applicant company that public convenience and a necessity do not require the construction of said railroad as proposed in its articles of association, but do require the construction of a part of the said railroad, the Board of Railroad Commissioners may issue its certificate for the construction of such part of the said railroad as seems to it to be required by public convenience and a necessity."

In People ex rel. Steward v. Railroad Commissioners, 160 N. Y. 202, 54 N. E. 697, it is held:

"A determination by the railroad commissioners that a certificate of public convenience and necessity shall issue is a final determination of the rights of the owners of land through which the railroad will pass if constructed as to the question of public convenience and necessity."

At page 211, 160 N. Y., and 699, 54 N. E., Parker, C. J., in writing for the court, says:

"The machinery provided by the statute requires the publication of the articles of association in each county through which the proposed railroad is to pass, so that every owner of lands to be affected, as well as the public generally, may have notice of the fact that a tribunal created by the state for that purpose, among others, is about to determine as against them whether public convenience and a necessity require the construction of the proposed railroad."

The commissioners have not changed the proposed route, locating the same definitely in some other place, but have, in effect, said to

the corporation that it might locate its route wheresoever it would, so long only as it kept without the highway, and conformed to the route proposed within the cities, villages, and hamlets.

If this certificate be within the power of the commissioners to grant, it is difficult to see why they might not authorize the construction of the road between Rochester and Syracuse, leaving to the corporation itself the right to select its route between those cities. The difference is in degree, and not in principle. To the commissioners is left by the law the determination of the public necessity and convenience of the route proposed in the articles of association. Under the certificate as given the route which they shall select between the hamlets, villages, and cities has not been approved by the railroad commissioners. The corporation is left free to choose that part of its route without their approval. This, we think, is opposed both to the spirit and the letter of the law. The necessity or convenience of these interurban roads depends largely upon the route taken between the villages, hamlets, and cities. In the case at bar the necessities of travel from village to village, or village to city, or city to city, are fairly well met by the roads already in existence. It is important, then, that the railroad commissioners shall have before them the specific route proposed by the applicant company, and shall approve or disapprove of that route.

In People ex rel. Depew v. Commissioners, 4 App. Div. 259, 38 N. Y. Supp. 528, 861, Justice Herrick, in writing for this court, in reference to the act said, at page 263, 4 App. Div., and page 531, 38 N. Y. Supp.:

"Under that the railroad commissioners have to pass upon the specific application of each company. They are to determine whether 'public convenience and necessity require the construction of said railroad as proposed in said articles of association' of the petitioning company. That is something more than determining whether public necessity and convenience require the construction of a railroad between the points mentioned in the articles of association as the proposed termini of their road. It means something more than merely determining whether public convenience and necessity require the building of any road between the proposed termini. They must determine whether public convenience and necessity require the construction of the specific road proposed in the articles of association of the petitioning corporation."

In examining this question it is important to consider the effect of the holding in the case of People ex rel. Steward v. Commissioners, cited above. The determination of these railroad commissioners is a determination once and for all of the necessity of the proposed road. Landowners whose land the company would appropriate for purposes of the road can no longer resist that appropriation on the ground that the location of the road upon their premises is unnecessary. In view of this holding it would seem to be of the utmost importance that by this publication each landowner should have notice that his land is sought to be taken, to the end that he may contest before the railroad commissioners the necessity of the road.

Also, in examining this question the provisions of section 59a have, I think, some significance. It is therein provided that the railroad

commissioners may grant a modified certificate approving of a part only of the proposed road. If the maxim, "Expressio unius exclusio alterius," be applied, there would seem to be fairly indicated an intention to limit the right of the commissioners in the granting of their certificate to a variation from the route proposed in the articles of association only to the extent of authorizing the granting of the certificate as to a part of the route. Against such a variation the reasons suggested against the granting of the certificate in the case at bar would be without force.

There are cases in which the railroad commissioners have conditioned their certificates in which the certificates have been upheld by the court, but in no case has a condition attached compelled a change of the route originally proposed.

The reading of the statute seems to require the granting of the certificate only as to the route proposed in the articles of association, except in the single instance specified in section 59a. It is for the Legislature, and not the court, to grant to the commissioners more extended powers; and there is apparently substantial reason for denying to them the power which they have assumed here to exercise.

We are of the opinion, therefore, that the determination of the railroad commissioners, as expressed in their certificate, should be reversed.

Determination annulled, with $50 costs and disbursements, against the respondent Rochester, Syracuse & Eastern Railroad Company. All concur, except CHESTER, J., dissenting in memorandum, in which HOUGHTON, J., concurs.

CHESTER, J. (dissenting). I cannot agree that the determination of the Board of Railroad Commissioners in granting the certificate that public convenience and necessity require the construction of the railroad in question as proposed in its articles of association should be reversed because of the provision contained in the certificate that such railroad "shall be built upon private right of way, and not in the highway, except through cities, villages, and hamlets on its route." That, I think, is a condition to be commended. While it is true that compliance with the provision will not result in building a road upon the exact route proposed in the articles of association, yet it will be upon substantially the same route. The line as proposed passes through certain hamlets, villages, and cities, and it is required to be constructed on the route stated in the articles of association. It is only with respect to the country highways connecting the several villages and hamlets where any change in the route of the road is required. Notwithstanding such change, the road must proceed from place to place in the exact order named in the articles of association, and pass through the respective places upon the route there indicated. Under section 13 of the railroad law (Laws 1890, p. 1088, c. 565), after the certificate of public necessity has been granted, the company may change its route within the county named in the certificate of incorporation for the purpose of improving the line, and this may be done without the consent of the railroad commissioners. With that power existing in the law, the change from the route proposed in the articles of asso-

87 N.Y.S.—22

ciation in the present case is insubstantial, and could be effected by the respondent without application to the Board of Railroad Commissioners, if that board had issued the certificate applied for without the provision or condition which it contained. The relator had a right to insist that no certificate should issue for the proposed road, but I do not think it is aggrieved because of the slight change in the route between the villages and hamlets, required by the condition upon which the certificate was issued.

I think the determination should be confirmed.

HOUGHTON, J., concurs.