In re DIRECTORS OF TICONDEROGA UNION TERMINAL R. CO.

(Supreme Court, Appellate Division, Third Department.   November 14, 1906.)

RAILROADS—RAILROAD COMMISSIONERS—APPROVAL OF PROPOSED ROUTE—STATUTES—CONSTRUCTION.

    Railroad Law, Laws 1895, p. 317, c. 545, § 59, providing that no railroad shall exercise its corporate powers until the directors shall cause a copy of the articles of association to be published in one or more newspapers of each county in which the road is to be located, and file proof of publication with the board of railroad commissioners, nor until the board shall certify that public convenience requires the construction of the road as proposed in the articles, limits the authority of the board to issue a certificate of necessity for the construction of the road proposed in the articles of the petitioning road, and the board has no power to grant the certificate where the route for which the road is asked varies materially from that proposed in the articles.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 8.]

Appeal from State Board of Railroad Commissioners.

In the matter of the application of the directors of the Ticonderoga Union Terminal Railroad Company for a certificate from the state board of railroad commissioners that the construction of a certain road was a public convenience and necessity.   From an order of the commissioners refusing the certificate, the directors appeal.   Determination confirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Holmes, Bryan & Holmes (John B. Holmes, of counsel), for petitioner.

Lewis E. Carr, for respondent Delaware & Hudson Railroad Company.

SMITH, J.   Upon the record the petitioner made a strong case for a certificate of necessity and convenience of a trolley road upon the route finally asked for.   It is a fraction only over four miles in length. Its construction would cost a little over $60,000.   It was to be financed by citizens of Ticonderoga, who were substantially unanimous in their testimony that it was desirable and necessary.   The conclusions of the witnesses seem to have been sustained by the facts sworn to in detail. Moreover, one of the commissioners himself, in the course of the proceeding, made a statement that the necessity of the road was conceded, and this statement was unchallenged by the astute counsel for the Delaware & Hudson Railroad, which opposed the petitioner's application.   Under the circumstances of this case we are of opinion that the certificate should not have been refused because of a doubt in the minds of the commissioners whether the road would be a paying one.

But the certificate finally asked for by the petitioners was one which the commission was without power to grant. In People ex rel. N. Y. C. & H. R. R. Co. v. Board of Railroad Commissioners of the State of New York et al., 92 App. Div. 126, 87 N. Y. Supp. 334, this court held that under section 59 of the railroad law (Laws 1895, p. 317, c. 545) the commission was limited to a certificate of the necessity of the road proposed in the articles of association of the petitioning road. The route for which this applicant finally asked varied materially from that proposed in the articles of association, especially in its eastern terminus. Without power to grant the certificate on condition that the petitioner changed the route from that proposed in the articles of association to that finally asked for we cannot say that the commission improperly refused to grant a certificate of convenience and necessity of the route originally proposed.

The determination, therefore, must be confirmed, with costs. All concur.