PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. et al. v. PUBLIC SERVICE COMMISSION OF NEW YORK, SECOND DIST. et al.

In re FRONTIER & W. R. CO.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. RAILROADS ☞47—LOCATION—REGULATION—POWERS OF COMMISSION.
    The only limitation on the power of the Public Service Commission in locating a railroad is the certificate of incorporation, which merely fixes the termini of the road.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 106–108; Dec. Dig. ☞47.]

2. RAILROADS ☞47—LOCATION—REGULATION—POWERS OF COMMISSION.
    Where a railroad in its certificate of incorporation was authorized to connect at a terminus with another road at a point "about 500 feet west" of another crossing, and the Public Service Commission authorized a connection "about 1,200 feet" east of that crossing, there was not such a variance as to make the order of the Commission void as beyond its powers; the original fixing of location being unnecessarily exact, and the real objective being the other road.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 106–108; Dec. Dig. ☞47.]

3. RAILROADS ☞47—LOCATION—REGULATION—POWERS OF COMMISSION.
    The location of a line of railroad between the termini lies wholly within the discretion of the Public Service Commission; no question being raised as to the propriety of its orders.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 106–108; Dec. Dig. ☞47.]

    Cochrane, J., dissenting.

Certiorari by the People, on the relation of the New York Central & Hudson River Railroad Company and others, against the Public Service Commission of New York, Second District, and others, to

review the action of the Public Service Commission in locating the Frontier & Western Railroad. Writ dismissed.

Argued before LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Hoyt & Spratt, of Buffalo, for New York Cent. & H. R. R. Co.

Rogers, Locke & Babcock, of Buffalo, for Delaware, L. & W. R. Co.

Moot, Sprague, Brownell & Marcy, of Buffalo, for Erie R. Co.

Kenefick, Cooke, Mitchell & Bass, of Buffalo (Maurice C. Spratt, of Buffalo, of counsel), for Lehigh Valley R. Co.

John L. Romer, of Buffalo, for certain landowners.

John L. Ahern, of Buffalo, in pro. per.

Williams, Minard & Howell, of Buffalo, for Wood & Brooks Co.

Ledyard P. Hale, of Albany, for Public Service Commission.

Clinton, Clinton & Striker, of Buffalo (George Clinton, Sr., of Buffalo, of counsel), for residents and taxpayers.

William S. Rann, Corp. Counsel, of Buffalo (Harry D. Sanders, of Buffalo, of counsel), for relator city of Buffalo.

White & Babcock, of Buffalo (Edward P. White, of Buffalo, of counsel), for relator King Sewing Mach. Co.

Edward W. Hatch and Frank B. Church, both of New York City, for respondent Frontier & W. R. R. Co.

PER CURIAM. This application, by certiorari, seeks review of the determination of the Public Service Commission, Second District, awarding to the Frontier & Western Railroad Company a certificate of convenience and necessity, under section 9 of the Railroad Law (Consol. Laws, c. 49; Laws of 1910, c. 481), and section 53, Public Service Commissions Law (Consol. Laws, c. 48; Laws of 1910, c. 480). The application presents, not only the propriety of the granting of any certificate, but also assails the power of the Commission to fix the particular route it has approved and as to which it has granted its certificate.

The efforts of the respondent railroad company to procure a certificate of the Commission have heretofore brought the controversy before the Appellate Division of the Fourth Department. Matter of Frontier & Western R. R. Co., 155 App. Div. 57, 139 N. Y. Supp. 627. The history of the project and the essential facts are all sufficiently therein set forth. In that decision the court pointed out the scope of the authority of the Public Service Commission, upon applications of this character, and particularly with reference to the route of the contemplated railroad. The conclusion was there reached that the Commission had authority to consider and approve any route for the railroad which left unchanged the termini of the road.

[1] As there pointed out, it is the description of the proposed line, as embodied in the certificate of incorporation, which forms the sole limitation to the investigation of the Commission, and such general identification is not required to, and does not in this instance, proceed further than a location of the two ends of the line.

[2] Following that decision, the matter was remanded to the Commission for determination of the question of convenience and neces-

sity, under the rule there indicated, and the order was later enlarged to admit of the taking of further evidence upon such rehearing. Voluminous additional proof has been taken, and the Commission has now approved a route for the line, designated as the A–B–C route. It is now urged that such route is at variance with the route designated in the certificate of incorporation, and hence without the power of the Commission to approve, within the rule as laid down by the Appellate Division in the Fourth Department. In connection with this claim it appears that the southerly terminus of the A–B–C route is identical with that described in the certificate of incorporation, and hence the sole question of variance in the location of the termini, between the route approved and that specified in the certificate of incorporation, arises with reference to the northerly terminus.

The certificate of incorporation describes this northerly terminus as being 50 feet northerly of the southerly line of lot 44, in the town of Tonawanda, and *about* 500 feet westerly of the westerly line of the right of way of the Niagara Falls branch of the New York Central & Hudson River Railroad. It further identifies that point as being in the center line of the Buffalo Frontier Terminal Railroad (a contemplated and heretofore approved line). Upon the A–B–C or approved route this terminus is identified as being about 1,200 feet easterly of the New York Central & Hudson River Railroad, and there is further indicated another connection some 700 feet westerly of that right of way.

It will be noted that the certificate fixes the distance from the New York Central lands approximately only, and that the real objective point, in this location, is the line of the Buffalo Frontier Terminal Railroad. Nor was there need of fixing the location of this terminus with the degree of exactitude followed by this certificate. Section 2 of the Railroad Law controls the contents of the certificate of incorporation, and merely requires such to state the termini and length of the road and the counties through which same is to run. In view of the fact that the real objective is identified as the line of the Buffalo & Frontier Terminal, and that the point of intersection with such line is somewhat indefinitely described in the articles of incorporation, we feel at liberty to hold that there has been no substantial variance in the location of this northerly terminus.

[3] With the location of the line between the termini, we are not concerned, and the selection of the route approved lies, therefore, wholly within the power of the Commission. A careful examination of the new evidence, taken since the hearing before the Appellate Division, Fourth Department, discloses nothing leading to a contrary conclusion than there reached. The determination of the Commission as to necessity, including the prospective business success of the project, seems well founded in the proof, and we find no reason for disturbing its conclusions.

Determination of the Public Service Commission confirmed, with $50 costs and disbursements, and writ dismissed.

COCHRANE, J., dissents.