The first proposition upon which is rested the motion for re-argument is the one that we erred in holding in effect that the route prescribed by the public service commission involved the location of a terminus several hundred feet from the one specified in the articles of incorporation.
On the original argument, various appellants argued at length that this had been done and stated the facts whereon such contention was based. In addition the Appellate Division in the opinion handed down with the decision (171 App. Div. 366, 369) then being appealed from, stated: "The certificate of incorporation describes this northerly terminus (the one involved in this question) as being * * * about five hundred feet westerly * * * of the Niagara Falls Branch of the New York Central and Hudson River Railroad * * * Upon the A.B.C., or approved route, (the one prescribed by the public service commission) this terminus is identified as being about twelve hundred feet easterly of the New York Central and Hudson River Railroad, and there is further indicated another connection some seven hundred feet westerly of that right of way," and the Appellate Division then minimized and disregarded the effect of the facts there stated by it.
On the original argument, the respondent's counsel in *Page 554 
his brief made no dispute of the facts stated by the appellants in connection with this proposition, expressed no criticism of the views of the Appellate Division above quoted, and gave very brief attention to the legal proposition that the route prescribed by the public service commission did by several hundred feet change the location of the northerly terminus as prescribed in the articles of incorporation.
On this motion this question is discussed by respondent (Frontier and Western Railroad Company) much more fully and vigorously, but even if we should go to the extent of assuming that by a fuller consideration by it of this question on the original argument respondent might have led us to adopt a different view, it is axiomatic that this would be an insufficient reason for granting this motion. On the rehearing which has been ordered there will be opportunity for the respondent to give such further consideration to this question as it sees fit.
But there is another controlling reason for not granting this motion. As was made clear in our opinion, the above question was a subordinate one and was really incidental to the larger and more important question which was involved in the consideration of the appeal, and in the decision of which is found the second ground upon which respondent bases its motion for a re-argument.
This latter question was the one whether the public service commission, instructed by the Appellate Division that in granting a certificate of convenience and necessity under section 9 of the Railroad Law (Cons. Laws, ch. 49) it could not limit or qualify this action by specifying the exact route on which the railroad should be constructed, had attempted to accomplish the same result under section 53 of the Public Service Commissions Law (Cons. Laws, ch. 48) by providing that the railroad for which it had granted a certificate of necessity and convenience must be constructed upon a certain specified line.
The applications, respectively, for a certificate of public convenience and necessity under section 9 of the Railroad Law, and for permission to construct the road *Page 555 
under section 53 of the Public Service Commissions Law, were both considered by the commission in the same hearing and when the order was made granting the certificate under section 9 of the Railroad Law, it limited the route of construction under section 53 of the Public Service Commissions Law to a specified line. We thought then, and we think now, that the two provisions of this order are inseparably connected and that they indicate beyond any reasonable doubt that the commission erroneously attempted under section 53 to exercise the power of limitation of route which it had been held it could not exercise under section 9, and that in granting a certificate of necessity and convenience under section 9 it took into consideration and was influenced by the theory that it would be able to qualify and, as it thought, safeguard its certificate by prescribing the exact route on which the road should be constructed. We see no reason to change our conclusion that this was error and resulted in denying to the opponents of the road the right to which they were entitled, of having it decided whether or not a certificate should be granted on consideration simply of the general route prescribed in the articles of incorporation.
Lastly, it is urged that if we deny the motion for the re-argument we should limit the public service commission on the new hearing to a consideration of the evidence which has already been taken. We doubt our power to do this, and even if possessed we should not be inclined to exercise it. The public service commission as now constituted is in its membership wholly different than the one which conducted the former hearing, and it may well be that it will desire to receive some new and additional evidence if offered. On the other hand, of course, it is undesirable that labor and expense and the burdens of this petitioner should be increased by calling witnesses where this may be avoided by utilizing evidence already taken. We feel entirely confident, however, that the disposition of this question under applicable rules of evidence should and safely may be left to the commission. *Page 556 
The motion should be denied, with ten dollars costs and necessary printing disbursements.
HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, POUND, McLAUGHLIN and CRANE, JJ., concur.
Motion denied.