MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant, vs. MILWAUKEE COUNTY and others, Respondents.

*November 20, 1925—February 9, 1926.*

*Public utilities: Branch lines for interurban railway systems: Certificate of convenience and necessity: Interference with zoning plans of community: Jurisdiction of railroad commission: Proceedings after recommittal of matter by circuit court: Notice: Appeal: Review of interlocutory order.*

1. The state railroad commission is not authorized to refuse a certificate of convenience and necessity, within the meaning of secs. 191.10 and 191.11, Stats., where required for transportation facilities for the general public, because of the inconvenience to individuals along the proposed right of way or of detriment to municipal zoning plans, and therefore evidence as to zoning and county planning was immaterial.  p. 102.

2. Assuming that the order of the commission had been properly set aside, it was not required to give any notice of or hold further hearings in reconsidering the evidence after the matter was recommitted to it by the circuit court.  p. 102.

3. In such circumstances, the order remanding the matter to the commission for reconsideration is an intermediate order, subject, under sec. 274.34, Stats. 1925, to review on appeal from a subsequent order setting aside the second certificate of convenience and necessity after such reconsideration of the commission.  p. 103.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed, with directions.*

This was a proceeding brought by the appellant herein before the *Railroad Commission,* pursuant to secs. 191.01 to 191.21, inclusive, Stats., for a certificate of convenience and necessity for the building of two branch lines of railroad in *Milwaukee County,* connected with their interurban railway system. The *Railroad Commission* held hearings pursuant to notice given under the statute, and thereafter issued the certificate, one of the commissioners dissenting. The respondents filed with the *Railroad Commission* notice

of dissatisfaction under the statute, and the matter went before the circuit court for review. The circuit court held that—

"The opinion of the majority of the commissioners discloses the fact that they proceeded upon the mistaken view of the law that the *Commission* was 'really without power to prevent the applicant from constructing its line of railroad over the proposed route.' That this erroneous view of the law entered very largely into the decision of the majority is shown by the fact that the majority concluded that the applicant might and probably would place its line on the proposed route even if the *Commission* denied it that right. One cannot read this portion of the decision without being impressed with the fact that this consideration had great weight in determining the decision of the majority. . . .

"These statutes disclosed clear legislative intent that the *Commission* shall have the right to pass upon the exact route proposed and that no certificate shall be granted unless that particular route has the approval of the *Commission*. . . .

"It further appears that the majority were in error with reference to the interpretation to be given the phrase 'or for any other reason' as used in sec. 191.11 of the Statutes. The words 'any other reason,' taken with their commonly accepted meaning, would cover all other reasons. . . . It does appear as a fact that the area called Tippecanoe is especially adapted to residential purposes and that it has in fact been developed as a residential area, as is evidenced by the numbers of people who now live in this area. It further appears that active work has been done in zoning this area, although definite boundary lines have not been established. But all plans make the area one devoted to residences. These are facts, not speculations. City planning can never accomplish the desired results if it must await the establishment of areas devoted to any particular use by haphazard growth before it may act to determine to what purposes any particular area shall be devoted. It does appear that the *Commission* was led to grant the certificate for the east-and-west line because of an erroneous view of the law."

The circuit court thereupon entered an order recommitting the matter to the *Railroad Commission,* as follows:

"It is ordered that the certificate of the *Railroad Commission of Wisconsin* dated September 20, 1924, be and the same hereby is reversed and set aside and the record herein remanded to the *Commission* and the matter recommitted to the *Commission* for such further proceedings as may be necessary to finally pass upon the application in light of the rules of law set forth in the memorandum of this court."

The record was accordingly transmitted to the *Railroad Commission,* which *Commission,* without further notice to the objectors, immediately proceeded to reconsider the matter, and again issued a certificate of convenience and necessity without further hearing. In the memorandum of the majority of the commissioners they said:

"The memorandum opinion of the court points out two erroneous views of law which the record indicates were entertained by the majority of the *Commission.*

"The *Commission* has now reviewed and reconsidered its previous opinion and decision in said matter and has reapplied the rules of law in light of the opinion of the Dane county circuit court, which is accepted as establishing as erroneous the two conclusions of law referred to in the memorandum opinion.

"As all of the facts have been fully developed in the previous hearings without any restriction having been imposed by the *Commission* as to the fields of permissible evidence, it seems appropriate that the result of such reconsideration should now be stated and the record returned to the circuit court for Dane county so that the court may be advised as to the matter in which the *Commission* has discharged the direction contained in the court's order of March 27, 1925."

The matter was thereafter taken up in the circuit court, and it was stipulated between the parties that the matter should be considered before the circuit court the same as though a notice of dissatisfaction had been filed with the *Commission,* and the matter certified to the circuit court ac-

cordingly. The matter was again presented to the circuit court for its consideration by counsel for both sides, and on July 6th the circuit court issued its order setting aside the second certificate, and remanding the matter to the *Commission* with directions to hold a hearing upon notice to all parties that appeared before the *Commission,* before the *Commission* should enter its order.

The circuit court was of the opinion that it was necessary for the *Commission* to hold a further hearing upon due notice to the parties, before granting or refusing a certificate of necessity.

From this last order of the circuit court the railway company appeals to this court.

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* attorneys, and *Ralph M. Hoyt,* of counsel, all of Milwaukee, and oral argument by *Mr. James D. Shaw* and *Mr. Hoyt.*

For the respondent *Harbor Commission of Milwaukee* there was a brief by *John M. Niven,* city attorney of the city of Milwaukee, and *Chas. W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

For respondents other than the *Harbor Commission* there was a brief by *Eugene Wengert,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney, and oral argument by *Mr. Sullivan.*

The following opinion was filed December 8, 1925:

CROWNHART, J.    Two questions present themselves to this court for consideration, the answers to which will be decisive of this appeal, to wit: (1) Under the law applicable, is it within the province of the *Railroad Commission* to consider the rights and interests of all the people affected by the proposed routes, including the subject of zoning and park-planning proposed by *Milwaukee County,* or is the *Commission* limited, in its consideration, to the public that

are or will be directly interested in the subject of transportation? (2) The *Commission* having taken all the testimony offered by the objectors to the proposed routes, including all the subjects suggested and held to be pertinent by the circuit court, on the original hearings, was it necessary for the *Commission,* under the order remanding the proceeding to the *Commission* for further proceedings, to give notice of further hearings and to hold further hearings, if so desired by the parties?

## I.

Sec. 191.10, Stats., provides:

"Upon the conclusion of the hearings of said application as above provided, said commission shall carefully consider all the evidence submitted, and if the said commission, or a majority of them, shall find that the proposed railroad would be a public convenience and that a necessity requires the construction of said proposed railroad, the said railroad commission shall forthwith grant and issue to the applicant a certificate that public convenience and a necessity require the construction of said railroad as proposed. . . ."

Sec. 191.11 provides:

"If upon the conclusion of said hearing of said application said commissioners or a majority of them shall find and determine that said proposed railroad is not a necessity or is not required by public convenience either because already existing railroads or other means of transportation adequately provide for the necessities and requirements of the public, or for any other reason, then said railroad commission shall refuse to grant said certificate. . . ."

We are to consider the meaning of the term "public convenience and necessity" as used in these two sections. The statutes were passed in 1907, and were largely taken from the New York act on the same subject. *In re Wis. & N. M. R. Co.* 2 Wis. R. R. Comm. Rep. 362, 375. In speaking of the New York act, the court of appeals of that state, in

*People ex rel. N. Y. C. & H. R. R. Co. v. Public Service Comm.* 227 N. Y. 248, 125 N. E. 438, said:

"The object was to permit the railroad commissioners to prevent wasteful competition and public disaster by the construction of roads through localities which already were adequately served, rather than to require them to determine the precise line along which roads should run."

The convenience and necessity provisions of the federal Transportation Act of 1920 have received a similar construction.   In *Thunder Bay L. Co. v. D. & M. R. Co.* 294 Fed. 958, the court said:

"The commission is interested in the public necessity and convenience in connection with the construction of the road in the territory to be served.   It is interested in the public; it is not interested in the minutiæ of the particular lands to be acquired for the right of way nor the rights of the individual owners thereof."

We think that is the construction to be given to our act. At the time the act was passed there were no zoning or planning laws on our statutes, and that subject had received little or no consideration at that time.   The rights of the individual owners of land affected by railroad construction were deemed to be adequately compensated under condemnation proceedings.   It is true that the statute provides that if the "said proposed railroad is not a necessity or is not required by public convenience either because already existing railroads or other means of transportation adequately provide for the necessities and requirements of the public, or for any other reason, then said railroad commission shall refuse to grant said certificate."   But it is clear that the phrase "for any other reason" relates back to the phrase "that said proposed railroad is not a necessity or is not required by public convenience."   The necessity and convenience contemplated by the statute have reference to transportation and the public interest therein.   Manifestly, the

inconvenience of individuals along the proposed right of way could not affect the general subject of convenience and necessity for transportation facilities for the general public, and the *Commission* is not authorized to deny a certificate where the convenience and necessity of transportation exists in the interest of the public. This being so, the evidence as to zoning, county planning, and other similar matters was immaterial, and the *Commission* was not required to consider it. It would therefore follow that the certificate of the *Commission* was not properly set aside and reversed by the circuit court, in the first instance, and no further hearing was therefore required before the *Commission*.

## II.

If we were to assume that the court properly set aside the first certificate of convenience and necessity, we think that the *Railroad Commission* was not required to give any notice of further hearings or to hold any further hearings. All the evidence proposed by the objectors had been taken without limitation. Nothing was to be gained by further hearing. Arguments had been submitted to the *Railroad Commission* by counsel for the objectors, basing their objection to the certificate on the evidence they had adduced before the *Commission,* and no further argument would have been helpful to the *Commission* in rendering its decision. The *Commission,* following strictly the terms of the mandate of the circuit court, reconsidered the evidence before it, and basing their judgment on such evidence, interpreted in the light of the legal principles laid down by the circuit court, found that convenience and necessity required the issuance of the certificate, and issued the certificate accordingly. It should be remembered that this was not a common-law proceeding. The *Commission* exercised purely statutory jurisdiction and was required only to give the notice provided by statute. This it did.

Northwestern Mut. L. Ins. Co. v. State, 189 Wis. 103.

On this appeal we consider the first order of the circuit court an intermediate order in the proceeding, and hence before us for review on this appeal. Sec. 3070, now sec. 274.34, Stats. The *Commission* fairly and fully complied with the law and the order of the court, and its second certificate of convenience and necessity should have been affirmed.

*By the Court.*—The two orders of the circuit court are reversed, with directions to affirm the action of the *Railroad Commission* in granting the certificate of convenience and necessity applied for by the applicant herein.

A motion for a rehearing was denied, with $25 costs, on February 9, 1926.