THE STATE EX REL. CAMPBELL IRON COMPANY ET AL. v. PUBLIC SERVICE COMMISSION OF MISSOURI.—296 S. W. 998.

Court en Banc, June 27, 1927.

1. **PUBLIC SERVICE COMMISSION: Test Orders.** Test orders are the best way to determine the reasonableness of rates fixed by the Public Service Commission.

2. ———: ———: **Extension Order: Approval of New Rates: Suspension of Existing Rates: Review.** An order by the Public Service Commission, made after a full hearing and according to law and finding a proposed schedule of increased rates to be just and reasonable, in effect is a finding that prior rates on file are unreasonable and confiscatory, and nullifies them, and thereafter the approved new rates are the only ones in force; and the Commission has authority, for testing purposes, to require the utility company to keep a full and accurate account of its revenues and expenses and to make a full report thereof on or before a future date, and to retain jurisdiction for further investigation and to extend the order or make a different order at the end of the test period; but the city, or other interested party, has the right to have the order reviewed, for otherwise the Commission, by making extension orders over an indefinite period of time, could prevent a review of its orders by the courts.

3. ———: **Extension Order: Pending Review.** The Public Service Commission has no power to make a further extension order pending a review in the courts of its prior test or extension order increasing for a specified time the rates of a public utility.

4. ———: **Increased Rates: Expiration of Extension Period: Restoration of Former Rates.** The expiration of the test period by which a proposed schedule of increased rates was put in force, pending a review of the order making the increase, does not restore the former rates supplanted by the order, not even if the order recites that "the increased rates shall cease and expire" at the end of a test period "and the rates and charges shall then be reduced and restored to the rates now on file." The increased rates, having been found to be just and reasonable, continue in force until changed by a later lawful order.

5. ———: ———: **Termination.** Upon the issuance of a writ by the court to review an order increasing utility rates for a specified period, the jurisdiction of the Public Service Commission to make an order extending the rates for another period ceases and remains suspended pending a final determination of the legality of the order in the courts; but this does not mean that the increased rates fixed by the order terminate at the end of the test period, but they remain in force until changed by a subsequent order lawfully made, either in the same proceeding, or a new proceeding.

6. ———: ———: **For Limited Period.** The Public Service Commission, having approved a proposed schedule of increased rates and found them to be just and reasonable, is without jurisdiction to limit their existence to a period of months designated in the order, but so much of the order as attempts to limit the existence of the rates to a prescribed future period is void, and such rates continue in force until changed by a lawful order, and an order attempting to extend them while·a review of the order is pending in court is "without form and void" and utterly needless.

---

Corpus Juris-Cyc. References: **Telegraphs and Telephones,** 37 Cyc., p. 1630, n. 77.

## *Certiorari.*

WRIT QUASHED.

*Frank Y. Gladney* for relators; *Jos. R. Markham* of counsel.

(1) The Public Service Commission is a statutory agency and all its powers are derived from the statute. Any and all orders unauthorized by the statute are void. Sec. 10434, R. S. 1919; State ex rel. Telephone Co. v. Public Service Commission, 233 S. W. 428; State ex rel. Terminal Co. v. Public Service Commission, 272 S. W. 960. (2) The two extension orders are void, for that each of them was made in a proceeding over which the Commission had no jurisdiction by reason of the appeal pending in this court. Sec. 10525, R. S. 1919; Donnell v. Wright, 199 Mo. 304; Exchange Bank v. Allen, 68 Mo. 474; Burgess v. O'Donoghue, 90 Mo. 299; State ex rel. Patton v. Gates, 143 Mo. 63; State ex rel. v. Guinotte, 156 Mo. 513; Ryans v. Boogher, 169 Mo. 685; Rodney v. Gibbs, 184 Mo. 11; In re Grading Bledsoe Hill, 222 Mo. 604; Reed v. Bright, 232 Mo. 399. (3) The two extension orders are void for the reason that each of them is made to take effect "from and after" the date of entry, which necessarily denies and precludes the right of review in court, in violation of the statute, and of the requirements of due process of law. Secs. 10521, 10522, R. S. 1919; State ex rel. Rhodes v. Public Service Commissions. 194 S. W. 296; State ex rel. v. Public Service Commission, 191 S. W. 414; State v. Guerringer, 178 S. W. 65; Roller v. Holly, 176 U. S. 398.

*D..D. McDonald* and *J. P. Painter* for Public Service Commission; *J. W. Jamison, E. W. Clausen* and *E. J. Bean* for Southwestern Bell Telephone Company.

(1) The Public Service Commission has a right to enter a trial order and at the end of this trial period either extend the rates or

make such modification of the rates as the facts developed may warrant. State ex rel. Washington University v. Public Service Comm., 308 Mo. 347; State ex rel. v. Public Service Comm., 269 Mo. 525; State ex rel. Case v. Public Service Comm., 298 Mo. 333; Bush Elec. Co. v. City of Galveston, 262 U. S. 443. (2) The order authorizing the Telephone Company to make increased charges for exchange service was in nowise suspended by the writ of review prosecuted therefrom by the city of St. Louis. Section 10523, Revised Statutes 1919, provides that "pendency of a writ of review shall not of itself stay or suspend the operation of the order or decision of the Commission," etc. (a) The Public Service Commission in making rates was in the exercise of administrative or legislative power and not in the use of judicial power. Missouri Southern Ry. Co. v. P. S. C., 279 Mo. 484; Lusk v. Atkinson, 268 Mo. 109; State v. Public Service Comm., 270 Mo. 574. (b) The exercise of the judicial power began with the review proceedings prosecuted by the city of St. Louis in the circuit court. City of Macon v. Public Service Comm., 266 Mo. 490; State ex rel. v. Wilmington W. R. Co., 29 S. E. 336. (c) An appeal from the circuit court without supersedeas did not stay the judgment appealed from or stay the order of the Commission, which since its rendition has been in full force and effect. Sec. 10523, R. S. 1919; Rodney v. Gibbs, 184 Mo. 14; Bobb v. Taylor, 193 S. W. 800; Vantine v. Butler, 250 Mo. 450. (3) The supplemental extension orders of which complaint is here made, and the original order fixing rates for a test period of thirteen months, are all a part of the same proceeding. A similar provision was approved by the court in the case of State ex rel. Case v. Public Service Commission, 298 Mo. 333. Said extension orders were made in response to motions duly filed by the Telephone Company and heard by the Commission, and the effect of such orders was to continue the case for further hearing, and in the meantime to preserve the status as to rates the same as fixed in the original order and pursuant to reservations of jurisdiction for such purposes as were made therein. Said extension orders were within the power of the Commission, are regular upon their face and not subject to attack as here made by relators. (4) It appears that the rates charged for telephone service prior to July 1, 1925, have been adjudged unreasonable and confiscatory, and the rates now charged have been adjudged reasonable and just, and any order to re-establish the rates in force prior to July 1, 1925, is and would be illegal and void as in contravention of the Constitution of Missouri and the Fifth and Fourteenth Amendments to the Constitution of the United States. Hackworth v. Mo. S. Ry. Co., 227 S. W. 1032; Hutchinson v. Tel. Co., 200 Pac. 301.

GANTT, J.—Relators state the case as follows:

"This case is an original proceeding in this court. Relators applied for a writ of *certiorari* addressed to the Public Service Commission. The application of the writ was filed last December. The court issued the writ February 15, 1927. Respondent made its return thereto March 15, 1927. On March 23, 1927, relators filed a motion for judgment on the pleadings.

"The case is to be considered, therefore, on the record made up of the relators' application and the return; as the return does not deny any of the allegations of the application, those allegations are to be taken as true.

"The object of the proceeding is to have the court review and quash the record of two orders made by the Commission affecting telephone rates in the city of St. Louis. These orders were entered, respectively, on July 23, 1926, and October 29, 1926, and for the sake of convenience in identifying them are referred to in this discussion and argument as First Extension Order and Second Extension Order. The facts and circumstances under which they were issued may be shortly stated.

"In November, 1924, there was pending before the Public Service Commission a proceeding entitled as follows: 'In the Matter of the Application of the Kinloch Long Distance Telephone Company of Missouri, Kinloch Telephone Company, The Suburban Telephone Company, Sedalia Home Telephone Company, and Kinloch Building Company to sell all their property, assets and rights of every nature and description to the Southwestern Bell Telephone Company; and the Application of the Southwestern Bell Telephone Company for permission to purchase the same; Case No. 3270.'

"On November 15, 1924, The Telephone Company filed with the Commission in that proceeding a paper entitled, 'Supplemental Petition of the Southwestern Bell Telephone Company,' by which the Telephone Company prayed the Commission to abrogate the then existing rates for telephone service at the exchange of the Telephone Company in the city of St. Louis. In said petition the Telephone Company set out the existing rates and alongside therewith the increased or proposed rates which it prayed the Commission to authorize and sanction.

"The city of St. Louis by leave intervened and filed a written opposition to the increase.

"On the issue thus made the Commission instituted an inquiry, heard evidence of the contending parties, investigated the facts by its own employees and experts, set the whole matter down for a final hearing, and thereafter, on June 6, 1925, entered the following order:

" 'This cause being at issue upon application and answer filed herein, and having been duly heard and submitted by the parties, and

such investigation of matters and things involved having been had and the Commission on the date hereof having filed its report containing its findings of fact and conclusions thereon, which said report is made a part hereof;

" 'Now, upon the evidence in this case, and after due deliberation, it is:

"Ordered: 1.   That the Commission finds that the Southwestern Bell Telephone Company's proposed schedule of rates in its St. Louis exchange are just and reasonable and should be permitted to become effective, beginning July 1, 1925, for a trial period of thirteen months.

" 'Ordered: 2.   That any and all increases of telephone rates provided for in said schedule referred to and authorized herein shall, at the end of said thirteen months' period, cease and expire, without further notice or order; and the rates and charges of said Southwestern Bell Telephone Company for furnishing telephone service in said St. Louis exchange shall then be reduced and restored by said company to the rates now on file and charged by it for, such service:   Provided, however, that the Commission may hereafter by further order continue in effect such increases in rates and charges for another and further period, or otherwise change or modify such rates and charges.

" 'Ordered: 3.   That said Southwestern Bell Telephone Company be required to keep full and accurate account of the revenues and expenses of operating its exchange at St. Louis, and file a full and complete report thereof with this Commission, on or before July 31, 1926, for the year ended June 30, 1926; that said report shall be in addition to any other reports now required by law; and that the Commission fully retains jurisdiction of the parties and subject-matter of this case to continue, change or modify the rates for telephone service charged by said company in its St. Louis exchange, upon the expiration of said thirteen months' period, or at any other time upon the evidence as said Southwestern Bell Telephone Company or any interested parties may offer.

" 'Ordered: 4.   That this order take effect on the 18th day of June, 1925, and that the secretary of the Commission forthwith serve copy of this report and order on the parties interested herein, and that said parties be required to notify the Commission, on or before the effective date of this order, in the manner required by Section 25 of the Public Service Commission Law, whether the terms of this order are accepted and will be obeyed.'

"Thereupon, the city (under authority of R. S. 1919, Sec. 10522) filed in the circuit court application for a writ of *certiorari* or review. The application was filed on July 3, 1925, was addressed to the Commission, made returnable July 31, 1925, and directed the Commission (to quote the statute) 'to certify its record in the case to the court.' The Commission made its return on July 30, 1925.   Thereafter, the

case was heard by the circuit court on November 13, 1925, and taken under advisement, and on December 7, 1925, the circuit court entered its judgment affirming the order of the Commission. The city in due time filed its motion for a new trial and in arrest of judgment, both of which motions were overruled. Thereafter, in due time, on January 21, 1926, the city filed an affidavit for an appeal to this court. On the same day the court approved the cost bond and allowed the appeal, and the city thereafter, and about March 29, 1926, filed a transcript of the judgment in the office of the clerk of this court and had the cause there docketed, and the appeal has since been pending, and is now pending, on the calendar.

"In taking an appeal from the judgment of the circuit court the city did not file 'a suspending bond' and hence under the statute (Sec. 10523) the order of the Commission of June 6, 1925, affirmed by the circuit court, continued in force and effect, notwithstanding the appeal to this court. The appeal brings in question the validity, legality, authority and reasonableness of the order, but there being no suspending bond, it does not suspend the operation and execution of the order.

"And in this proceeding the relators do not attack or question such order of June 6, 1925. That order has been superseded by the judgment of the circuit court, and the appeal from the judgment of the circuit court has the effect of investing this court with exclusive jurisdiction over all the proceedings culminating in the judgment affirming the Commission's order. For, the statute (Sec. 10525) expressly provides: 'The original transcript of the record and testimony and exhibits, certified by the Commission and filed in the circuit court in an action to review an order or decision of the Commission, together with a transcript of the proceedings in the circuit court, shall constitute the record on appeal to the Supreme Court.

"But now the order of June 6, 1925, is self-limiting. It explicitly provides that 'any and all increases of telephone rates . . . authorized herein shall, at the end of said thirteen months' period (i e. thirteen months after July 1, 1925) cease and expire, without further notice or order; and the rates . . . shall then be reduced and restored . . . to the rates now on file and charged . . . for such service: Provided, however, that the Commission may hereafter by further order continue in effect such increases in rates for another and further period or otherwise change or modify such rates and charges.'

## "FIRST EXTENSION ORDER.

"In this posture of affairs, on July 23, 1926, the Telephone Company filed with the Commission a 'Report and Application for Order,' continuing in effect the increased rates allowed by the order of June 6, 1925, and which said increased rates were by the express

terms of that order due to expire on July 31, 1926. On the same day, viz., July 23, 1926, without notice and without a hearing, the Commission entered an order extending the increased rates 'for a further period of three months, from July 31, 1926, to October 31, 1926.' The order was made to take effect 'from and after this date, viz., July 23, 1926.'

## "Second Extension Order.

"On October 25, 1926, the Telephone Company filed a 'Motion and Application,' by which it requested the Commission 'to issue its final order in said cause fixing and adjudging said rates' (i. e. those approved June 6, 1925, for a period of thirteen months expiring July 31, 1926) 'to be the lawful rates until changed in accordance with the law.'

"On October 28, 1926, the city of St. Louis filed an 'Answer and Motion,' by which it opposed a further extension of the increased rates on various grounds set forth; it asked for an opportunity to be heard and requested the Commission to set the cause down for further hearing.

"On the day following, viz., October 29, 1926, the Commission, without notice and without a hearing, entered an order extending the increased rates 'for a further period of three months, from October 31, 1926, to January 31, 1927.' This order, like the preceding one, was made to take effect 'from and after this date,' viz., October 29, 1926.

"In this same order the Commission recites the request of the city of St. Louis for a further hearing and says it 'is of opinion that the request is reasonable and the same is therefore granted.' It is clear that what the city requested was a hearing on the matter of further extending the increased rates. The Commission responded by ignoring the request, and granting a further extension of the increased rates without notice or hearing, and then setting the cause down for further hearing. Accordingly, on the same 29th day of October it issued a formal 'Notice of Further Hearing,' fixing November 17, 1926, as the date. On November 17, with all the parties ready for such further hearing, the Commission declined to 'proceed further with this case on account of the same pending on appeal in the Supreme Court, it being of the opinion that they are without jurisdiction until it is returned here by mandate of the court.'"

Relators contend that "when the city obtained a writ of review, jurisdiction of said 'Case No. 3270' was vested in the circuit court and all jurisdiction of the Commission (except to see that its order affirmed by the circuit court was carried out) ceased, and the judgment of the circuit court took the place of the order of the Commission. The appeal from the circuit court to this court vested all jurisdiction over said cause 'No. 3270' in this court. The Commis-

sion is without authority to take further steps in that proceeding until it receives the mandate of this court.''

The respondent, on the 6th of June, 1925, after a full and complete hearing of evidence, according to law, made the order finding the rates proposed by the Southwestern Bell Telephone Company to be just and reasonable. This finding and order in effect found the rates on file to be unreasonable and confiscatory. There can be only one just and reasonable rate for the service given by the Telephone Company. On this finding and order, the proposed rates of the Telephone Company were the only rates in force. Respondent, for testing purposes, required the Telephone Company ''to keep a .full and accurate account of the revenues and expenses of operating its exchange in the city of St. Louis, and file a full and complete report thereof with the Commission on or before the 31st of July, 1926, for the year ending the 30th of June, 1926.'' In addition, it retained jurisdiction to extend the order of the 6th of June, 1925, at the end of thirteen months for further investigation and reports from the Telephone Company on its revenues and expenses. ''Test orders'' have been approved and held by this court to be the best way to determine the reasonableness of rates fixed by the respondent. [State ex rel. Washington University v. Public Service Comm., 308 Mo. 1. c. 347, 272 S. W. 971; State ex rel. v. Public Service Comm., 269 Mo. 525, 191 S. W. 412; State ex rel. v. Public Service Comm., 298 Mo. 1. c. 333, 249 S. W. 955.] We adhere to our ruling in these cases. The city had the right to have this order reviewed. [Sec. 10522, R. S. 1919.] To hold otherwise would permit the respondent to prevent the review of its orders in the courts by making extension orders over an indefinite period of time. So we are confronted with the right of respondent to make test orders and the right of the city of St. Louis to have the order of the 6th of June, 1925, reviewed in the courts.

Relators contend the respondent did not have jurisdiction to make extension orders pending the review in the courts. The so-called extension orders were made by respondent after the issuance of the writ of review and after the respondent made its return to said writ. We agree to this contention. However, we do not agree that at the end of the thirteen months the former rates of the Telephone Company were restored. To so hold would prevent further investigation by tests. Of course, should the judgment of the circuit court be affirmed, the respondent may continue its investigation of the revenues and expenses of the Telephone Company. The function of the Commission is to determine and fix just and reasonable rates. In doing so reports may be required of the utility over a test period, and the Commission may reserve jurisdiction to make further orders in the case. On the issuance of a writ of review its jurisdiction to make further orders ceases, but this does not mean

that the rates fixed by the Commission terminate at the end of the test period. If such rates are found to be just and reasonable, the Commission is without jurisdiction to arbitrarily limit their existence. They remain the rates until changed by an order lawfully made in this proceeding, or in a new proceeding, before the Commission upon changed conditions effecting the same subject. The respondent was without jurisdiction to limit the existence of the rates found to be just and reasonable in the order of the 6th of June, 1925. All that part of said order attempting an arbitrary limitation of the existence of said rates is null and void. Therefore, the so-called extension orders (to quote the language of FARIS, J., in Darrow v. Briggs, 261 Mo. 244, 169 S. W. 125) are "without form and void." (Genesis, 1:2). They did not extend the rates named in the order of the 6th of June, 1925. Said rates continued in force after the thirteen months' period under the order of the 6th of June, 1925. and until lawfully changed by the respondent. There being no effective extension orders of respondent, the motion of relators for judgment on the pleadings is overruled, and the motion of respondent to quash the writ of *certiorari* is sustained.

Writ quashed. All concur.