STATE OF MISSOURI, EX REL. CITY OF KANSAS CITY, MISSOURI, ET AL., Respondents, v. PUBLIC SERVICE COMMISSION OF MISSOURI, ET AL., Appellants, No. 41616—228 S. W. (2d) 738.

Division One, March 13, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, April 10, 1950.

340

*Henry McKay Cary, Tyre W. Burton* and *Chas. H. Mayer* for appellants; *John Mohler* of counsel.

342

*David M. Proctor,* City Counselor, and *Jerome M. Joffee,* Special Utilities and Legislative Counsel, for respondent Kansas City.

*James E. Crowe*, City Counselor, and *Forrest G. Ferris, Jr.*, Associate City Counselor, for respondent City of St. Louis.

344

*Frazier Baker,* City Counselor, Fulton, Missouri, and *L. A. Warden,* City Counselor, Trenton, Missouri, for respondents.

ASCHEMEYER, C.—This is an appeal by the Public Service Commission of Missouri and the Southwestern Bell Telephone Company from a judgment of the Circuit Court of Cole County reversing and setting aside a Report and Order of the Public Service Commission entered on February 25, 1949. The Order of the Commission approved, in part, a schedule of rates previously filed by the Telephone Company under which the rates of the Telephone Company were increased annually in the amount of approximately

$3,228,000.00. The respondents are the City of Kansas City, the City of St. Louis, and various other Cities of Missouri which had been permitted to intervene in the proceeding before the Public Service Commission and had filed applications for writs of review in the Circuit Court of Cole County, or had intervened in the case on review.

The judgment involved in this appeal contained the following recitals: that when the Commission entered its Order of February 25, 1949, the original case reviewing the Order of the Public Service Commission of January 18, 1949, was still pending in the Circuit Court with no final judgment in effect and while there was .still time to file a motion for a new trial and ▮▮▮▮ take an appeal; that jurisdiction could not be regained by the Commission until that case was legally remanded to it; that it could not be remanded until the time for filing a motion for a new trial had expired and thirty days had elapsed from the entry of the judgment; that a timely motion for a new trial was filed by St. Louis County which subsequently took an appeal to the Supreme Court; and that the Commission never regained jurisdiction of the case but jurisdiction is now lodged in the Supreme Court on appeal.

The "original case" referred to in the judgment involved a review of the Order of the Commission entered on January 18, 1949. In that case, the trial court entered a judgment on February 21, 1949, reversing the Commission's Order of January 18, 1949, and remanding the case to the Commission for further proceedings. This judgment is involved in State ex rel. The County of St. Louis, Missouri v. Public Service Commission, No. 41479, 360 Mo. 270, 228 S. W. (2d) 1, decided concurrently by this Court. The facts relating to the Commission's Order of January 18, 1949, and the subsequent suit to review such Order are set out fully in the opinion in that case and need not be repeated here.

On February 22, 1949, the Commission received by mail the following communication from the Circuit Court of Cole County, omitting names of addressees:

"GUY M. SONE

CLERK, CIRCUIT COURT OF COLE COUNTY

Jefferson City, Mo.

February 21, 1949.

"To (names omitted)

Gentlemen:

"On this date Judge Sam C. Blair entered the following order in the case of State of Missouri, at the relation of Kansas City, vs. Public Service Commission, et al., No. 11,834:

" 'Motion for immediate reversal or for stay and suspension of order of Public Service Commission again considered. Court finds

original report and order of January 18th, 1949, was a nullity owing to its lack of a showing that a majority of the Commission adequately concurred in the same; that the said report and order had no validity until January 31st, 1949, when Commissioner Wilson filed her separate concurring opinion; that relator, and others interested, was not allowed a reasonable time within which to file and present a motion for a rehearing directed at the order as supplemented by the separate concurring opinion of Commissioner Wilson; that relator, and others interested, had the right to file such a motion for a rehearing under Section 5689, R. S. Mo. 1939, and was entitled to do so; that the action of the Commission in this case denied relator, and others interested, this right; that such of the Commission was arbitrary, unreasonable and capricious; that the order is therefore unlawful for the reasons above; that the order should be and same is reversed and remanded to the Commission for further proceedings consistent herewith. Counsel for relator and intervenors will, under rules of this court, prepare and supply clerk with appropriate form of order.'

"Judge Blair also dictated into the record a statement of his views in this matter.

"The above for your information.

Very truly yours,<br>
GUY M. SONE,<br>
Clerk of the Circuit Court of<br>
Cole County, Missouri."

On February 23, 1949, the Commission entered an Order cancelling all rate schedules authorized by its Order of January 18, 1949, and re-establishing the schedule of rates previously on file. On February 25, 1949, the Commission issued a new Report and Order to become effective March 10, 1949, approving most of the schedule of rates filed by the Telephone Company on September 30, 1947, on a temporary and experimental basis. This Report and Order differed in certain particulars (which need not be noted) from the previous Report and Order entered on January 18, 1949. Motions for rehearing before the Commission were filed by various cities, all of which were overruled, and thereafter applications for writs of review were filed in the trial court. The City of Kansas City filed a motion for immediate reversal of the Order of the Commission ▮ on the ground that the Commission had no jurisdiction to make the Order of February 25, 1949, because the case was then pending in the Circuit Court which had exclusive jurisdiction. This motion was sustained on May 21, 1949, and the trial court entered the judgment, previously described, reversing the Commission's Order of February 25, 1949. The Company filed its motion for a new trial, and thereafter this appeal was taken.

For convenience, we shall refer to the Commission's Order of January 18, 1949, as the First Order; the Order of February 25, 1949,

as the Second Order; and the suit to review the First Order as the original suit.

The basic question presented is whether the Commission had the authority or jurisdiction to enter its Second Order, or whether it had been deprived of such authority by the original suit which vested jurisdiction in the trial court. The original suit had resulted in a judgment reversing the First Order and remanding the case to the Commission. Respondents argue that this judgment was not effective to revest the Commission with power to issue the Second Order because the judgment had not become final and no mandate remanding the case had been issued by the trial court.

■ The Public Service Commission is not a court and it has no judicial power. The orders which it issues are not judgments or adjudications. It has been described as an "administrative arm" of the Legislature. In approving or fixing rates of public utilities which come under its supervision, it exercises a legislative power. Its orders operate prospectively and determine rates to be charged in the future. Missouri Southern Ry. Co. v. Public Service Commission, 279 Mo. 484, 214 S. W. 379, 380; Marty v. Kansas City Light & Power Co., 303 Mo. 233, 259 S. W. 793, 796; Prentis v. Atlantic Coast Line, 211 U. S. 210, 226, 53 L. Ed. 150, 158; Midland Realty Co. v. Kansas City Power & Light Co., 300 U. S. 109, 114, 81 L. Ed. 540, 544 (affirming Kansas City Power & Light Co. v. Midland Realty Co., 338 Mo. 1141, 93 S. W. (2d) 954.) The Second Order of the Commission issued in this case was to become effective on March 10, 1949. It operated prospectively and established rates to be charged in the future. It was a new, separate, and distinct order. While it avoided the procedural defects inherent in the First Order (which were the basis of the trial court's judgment that the First Order was unlawful), it was, in no sense, an attempt to amend the First Order. In this respect it is entirely different from the situation presented in State ex rel. Campbell Iron Co. v. Public Service Commission, 317 Mo. 724, 296 S. W. 998, 1001, where this Court stated the Commission had no power to enter an order extending a schedule of rates while the original rate order was before the Court upon a writ of review. The Second Order was not promulgated until the trial court had entered a judgment reversing the First Order and remanding the case to the Commission for further proceedings.

■ Appellants argue that the notification from the Court concerning the entry of the judgment in the original case was a mandate remanding the case to the Commission. Respondents contend that it was not a mandate and that no mandate has ever been issued or transmitted to the Commission. A mandate of an appellate court serves the purpose of communicating its judgment to a lower court. It has been described as an "official mode" of communication. It is not a judgment or decree but a notification of a judgment. 38 C. J.

956; 55 C. J. S. 659, 660; 5 C. J. S. 1487, Sec. 1958; Argeropoulos v. Kansas City Rys. Co., 201 Mo. App. 287, 212 S. W. 369, 372. The notification of the judgment entered on February 21, 1949, in the original suit, received by the Commission on February 22, 1949, is not in the form of a mandate from an appellate court to a lower court. Nevertheless, it did notify, the Commission and other parties of the judgment entered reversing the First Order of the Commission and remanding the proceedings to the Commission. To this extent, it served the function of a mandate.

In the instant case, we are not concerned with the relationship between courts and the procedural rules which govern the disposition of a case on appeal so that the lower court may properly be vested with jurisdiction to carry out the judgment and directions of the appellate court. Such rules may be useful as analogies, but they do not necessarily control the relationship of the courts to an administrative body such as the Public Service Commission. The technical rules derived from the relationship of courts forming part of an integrated judicial system should not be applied mechanically so as to hamper or defeat the legislative functions which are discharged by the Public Service Commission in connection with its rate-making powers. Federal Communications Commission v. Pottsville Broadcasting Co., 309 U. S. 134, 84 L. Ed. 656.

Where a proceeding originating before the Commission has been in the Circuit Court on a writ of review, there is no statutory requirement that a mandate of the Court be transmitted to the Commission or that a certified copy of the Court's judgment be lodged with the Commission. Secs. 5690-5693, inc., R. S. 1939, Mo. R. S. A. §§ 5690-5693. Such procedure may, no doubt, be desirable, but it is not a statutory requirement. Upon the facts presented, we rule that the Commission had jurisdiction to enter the Second Order after it had received the notification from the Circuit Court concerning the entry of the judgment of February 21, 1949, reversing the First Order and remanding the case to the Commission for further proceedings.

 Respondents argue, however, that the Commission was powerless to act since the judgment in the original suit was not final and was still pending in the Court because: (1) St. Louis County had filed a timely motion for a new trial and subsequently took an appeal from the judgment, and (2) under Rule 3.24 of this Court, in the absence of a motion for a new trial, the judgment did not become final until the "expiration of thirty days after the entry of such judgment." The first contention is fully answered by the concurrent decision of this Court in the appeal of St. Louis County (Case No. 41479) in which we have held that the judgment of February 21, 1949, is not appealable. Since this judgment was not subject to appeal, the motion for a new trial filed by St. Louis County was a nullity and had no effect on the judgment. As to the second contention, Rule 3.24

of this Court deals with the finality of a judgment only ''For the purpose of ascertaining the time within which an appeal must be taken.'' Since, as we have decided, no appeal could be taken from the judgment, this Rule has no application and would not serve to postpone the finality of the judgment.

█ Finally, it is argued by respondents, the Second Order of the Commission is void because it did not comply with the judgment of the Court entered in the original case, but that it was a new order issued without notice or a hearing. The Court remanded the case to the Commission ''for further proceedings consistent herewith.'' The Court did not attempt to give the Commission specific directions. The Second Order is substantially similar to the First Order, except that it avoids the procedural defects which impaired the validity of the First Order. The proceeding involving the proposed rate increase of the Telephone Company had been before the Commission since September 30, 1947. Protracted hearings were held and all parties were given an opportunity to present evidence and to file briefs. All of the respondents filed motions for rehearing before the Commission on the Second Order entered on February 25, 1949. Under these circumstances, the Commission was justified in promulgating a Report and Order upon the evidence already before it, and it was not necessary for the Commission to give any further notice or to hold any further hearings. In re Milwaukee Electric Ry. & Light Co., 189 Wis. 96, 206 N. W. 201, 203; People ex rel. New York Cent. & H. R. R. Co. v. Public Service Commission, 228 N. Y. 553, 126 N. E. 728, 729.

█ The City of Kansas City has filed a motion to dismiss the appeal on the ground that the judgment appealed from is interlocutory and not final. It is argued that a restitution order was essential to a final judgment and that the trial court reserved █ jurisdiction to determine at a future date the matter of the restitution of excess rates collected by the Telephone Company. The cases cited by Kansas City do not support its contentions. Sec. 5691, R. S. 1939, Mo. R. S. A. § 5691, upon which it also relies has no application since, by its express terms, it is not effective when an appeal is taken by the public utility, which, of course, is the case here. We hold the judgment appealed from is a final judgment for purposes of appeal, and the motion to dismiss is overruled.

We hold that the Public Service Commission had jurisdiction to promulgate its Report and Order of February 25, 1949. Accordingly, the judgment of the Circuit Court of Cole County is reversed and the case is remanded to that Court for further proceedings consistent with this opinion. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.