**538**

James Handy MOORE, et al.,
Respondents,

v.

Abner Mansfield BECK, Personal Representative of the Estate of J. Abner Beck, Deceased, and Abner Mansfield Beck, Individually, Appellants.

No. 68577.

Supreme Court of Missouri,
En Banc.

April 14, 1987.

As Modified on Denial of Rehearing
May 19, 1987.

Jeffrey C. Vaughan, James Haw, Charleston, Glenn A. Burkart, Springfield, for appellants.

James E. Reeves, Caruthersville, for respondents.

WELLIVER, Judge.

Appellant, Abner Beck, appeals from the legal description entered by the Circuit Court of Mississippi County pursuant to the mandate of the Court of Appeals, Southern District. We transferred the case by authority of Mo. Const. art. V., § 10. We reverse.

**I**

This action follows a prior quiet title action resulting in an unappealed circuit court judgment in 1972. In 1982, in the second quiet title suit, the circuit court entered judgment which in 1984 was affirmed by the court of appeals which remanded the cause to the circuit court for preparation of a legal description and entry of final judgment. Beck then appealed from the judgment which was entered based upon and utilizing the legal description formulated by the circuit court. The court of appeals, concluding that the circuit court had followed its mandate, in effect affirmed the legal description.

On April 21, 1972, in the first quiet title suit, the Scott County Circuit Court awarded Beck:

All that part of the Southwest quarter (SW ¼) of Section Four (4), Township 26 north, Range 18 east, and that part of the Northwest Quarter of the Northwest Quarter (NW ¼ NW ¼) of Section nine (9), Township 26 North, Range 18 east, *that lies east of the west right of way line of old Levee District No. 1 of Mississippi County,* Missouri, as originally described in deed book 47, at page 168, deed records of Mississippi County, Mo., and the West bank of the Mississippi River.

(Emphasis added.)

We will refer to this land as Tract 1. Tract 1 is all of the land lying between line A–B, the west right of way of the original

levee, on the west and the Mississippi River on the east and banded on the north and south by lines extended east from points A and B to the west bank of the Mississippi River. *See* Figure 1, area within double line.

Due to continuing avulsion by the Mississippi River, Tract 1 has been reduced to two triangular pieces, one at its north end and one at its south end.[1] *See* Figure 1, shaded areas.

The 1972 judgment awarded the Moores what we shall refer to as Tract 2:

All that part of the South Half of Section 4, Township 26 North, Range 18 East in Mississippi County, Missouri, *lying between the fuse plug lands and the old right of way line of Levee District No. 1 of Mississippi County, Missouri, as it existed in 1920.*

Neither party appealed from the 1972 judgment.

In 1982, due to continuing disputes with the Becks, the Moores filed a second quiet title action, claiming ownership of both tracts 1 and 2, specifically:

[T]hat part of the South Half of Section 4, Township 26 North, Range 18 East, in Mississippi County, Missouri, lying between the fuse-plug lands and the low water mark of the Mississippi.

This, in effect, sought a relitigation of issues already determined by the 1972 judgment in the first quiet title suit.

On October 14, 1982, the Circuit Court of Mississippi County found the 1972 judgment to be res judicata, thereby leaving the Moores with Tract 2 and Beck with Tract 1, as had been decided in 1972. On January 5, 1984, the Court of Appeals, Southern District, affirmed the circuit court's decision and agreed that the 1972 judgment must be given res judicata effect. The court of appeals noted that the 1982 circuit court had erroneously recited "Range 13 East" rather than "Range 18 East." Due to this error and the possibility of other descriptional errors, the court of appeals

remanded "for the sole purpose of correcting the land description contained in the [1982 circuit court] judgment." *Moore v. Beck,* 664 S.W.2d 15, 20 (Mo.App.1984).

The Court of Appeals mandate provided, in pertinent part:

The description of that real estate shall be prepared by the trial court after consultation with the attorneys for the parties. Additional evidence may be taken for the sole purpose of insuring the accuracy of said description. Said description shall consist of the description of Tract A ... with two excepted tracts. The first excepted tract shall consist of the real estate *lying generally east of that part of the original levee* referred to as Part No. 1 by witness Martin Lucas of p. 33 of the transcript on appeal. The second excepted tract shall consist of the real estate *lying generally east of that part of the original levee* referred to as Part 2 by witness Martin Lucas at p. 34 of the transcipt on appeal.

The foregoing descriptions of the first excepted tract and the second excepted tract respectively are not intended to constitute, and do not constitute, the legal descriptions of said excepted tracts. The foregoing descriptions furnish the basis on which accurate legal descriptions of the two excepted tracts may be formulated.

The general import of the mandate was to start with Tract A, the land claimed by the Moores, which included the land previously awarded to both the Moores and the Becks, and to prepare a legal description for excepting therefrom the land previously awarded the Becks, the area between the double line and the Mississippi River in Figure 1.

On remand, the circuit court heard testimony concerning the exact location of the original levee, the monument of reference throughout this litigation, and evidence regarding correction of prior surveys introduced in the proceeding. This evidence, in our opinion, appeared to be relitigation of

---

**1.** Beck has a continuing inchoate right to the now submerged land east of the west right of way of the original levee and the Moores have a continuing inchoate right to the now submerged land west of the west right of way of the original levee.

issues already determined in this and the 1972 proceeding, matters not now before this Court.

The circuit court awarded the Moores: That part of the South Half of Section 4, Township 26 North, Range 18 East, in Mississippi County, Missouri, lying between the fuse-plug lands and the low water mark of the Mississippi River EXCEPTING, a tract of land more particularly described as follows: Beginning at the point of intersection at the East and West bisecting line of Section 4–26–18 and the *east toe line of old levee* ... thence North 89 [degrees] 44' East 95.67 feet to the top bank of the Mississippi River; thence South 27 [degrees] 32' West 195.23 feet along said top bank of Mississippi River to the *East toe line of old levee;* thence North 1 [degree] 48' West 172.75 feet along East toe line to the point of beginning, containing .19 acre, more or less.

(Emphasis added.) *See* Figure 1, except the approximate shaded area.

Whether the circuit court believed it was to redetermine the already litigated issues and make new findings, or whether the circuit court misconstrued the directions set forth in the mandate, either because of ambiguity or because of misunderstanding, the circuit court in preparing the legal description used "the east base line" of the original levee rather than the "west right of way line" of the original levee. This appeal followed.

## II

■ The first question is whether appeal is the proper avenue by which to challenge the propriety of the legal description and judgment of the circuit court. There is precedent allowing appeals from judgments entered on remand when compliance with the appellate court's mandate is questioned. *See Papin v. Papin*, 475 S.W.2d 73 (Mo.1972); *Morrison v. Caspersen*, 339 S.W.2d 790 (Mo.1960); *Scheufler v. Lamb*, 169 S.W.2d 913 (Mo.1943); *Prasse v.*

*Prasse*, 115 S.W.2d 807 (Mo.1938). We conclude that, under these circumstances, appeal may be used to question whether the circuit court judgment complies with the appellate mandate.[2]

## III

■ The only remaining question is whether the circuit court has followed the mandate of the court of appeals in describing the realty.

A mandate of an appellate court serves the purpose of communicating its judgment to a lower court. It has been described as an "official mode" of communication. *It is not a judgment or decree but a notification of a judgment.* 38 C.J. 956; 55 C.J.S. 659, 660; 5 C.J.S., Appeal and Error, § 1958, p. 1487; *Argeropoulos v. Kansas City Rys. Co.*, 201 Mo.App. 287, 212 S.W. 369, 372.

*State v. Public Service Commission*, 360 Mo. 339, 228 S.W.2d 738, 741 (Mo.1950) (emphasis added).

The mandate serves the purpose of communicating the judgment to the lower court, *State ex rel. Kansas City of Missouri v. Public Service Commission of Missouri*, 360 Mo. 339, 228 S.W.2d 738, 741, and *the opinion, which is a part thereof, serves in an interpretative function. Hoelzel v. Chicago R.I. & P. Ry. Co.*, 340 Mo. 793, 102 S.W.2d 577, 578; *State ex rel. McGrew Coal Co. v. Ragland*, 339 Mo. 452, 97 S.W.2d 113, 115.

*Durwood v. Dubinsky*, 361 S.W.2d 779, 783 (Mo.1962) (emphasis added).

The mandate, however, is not the judgment; the appeals opinion is the judgment. *Argeropoulos v. Kansas City Rys. Co.*, 201 Mo.App. 287, 212 S.W. 369, 372[1–3] (1919). The mandate merely constitutes the official communication of the appellate judgment to the subordinate court. *McClellan v. Highland Sales and Investment Co.*, 514 S.W.2d 371, 374[1–4] (Mo.App.1974). When the terms of mandate remand the cause to

2. Perhaps a better method would be a motion to amend and modify the judgment to comply with

the mandate under Rule 74.

the subordinate tribunal, the effect is to revest jurisdiction in that court to take the acts directed. *Durwood v. Dubinsky,* 361 S.W.2d 779, 783[1, 2] (Mo.1962). *That direction is determined not only by the terms of the mandate but also by the opinion of the appeals court which the mandate integrates. Dalton v. Johnson,* 341 S.W.2d 596, 600[3, 4] (Mo. App.1960).

*D.E.J. v. G.H.B.,* 631 S.W.2d 113 (Mo.App. 1982) (emphasis added).

The *opinion* of the court of appeals found that the 1972 judgment, which awarded Beck the land between the river and the *west right of way* of the original levee, was res judicata. In this proceeding there was every indication that the west right of way line of the original levee is an established and well identified line. *See* Figure 1, shaded areas. The circuit court interpreted the mandate as excepting a tract lying *east of the east base or toe* of the original levee and west of the Mississippi River. *See* Figure 2, approximate shaded area.

When viewed together, the mandate and the opinion which is a part thereof direct the circuit court to describe Beck's land as the parcels lying between the west right of way of the original levee and the Mississippi River. *See* Figure 1, shaded areas.

We find that, in preparing the legal description, the circuit court erroneously interpreted the mandate of the court of appeals. To that extent, the circuit court is reversed. We are unable to perceive why any more detailed "legal description" than that which we have set forth above is required. It should be noted that in all other respects, *Moore v. Beck,* 664 S.W.2d 15 (Mo.App.1984) remains as therein affirmed.

All concur.

FRAC. SW1/4 SECTION 4 T26N R18E

Figure 1 was plaintiff's Exhibit 2 at
the circuit court's hearing for legal
description on remand in 1984. The
shaded area of Figure 1 reflects the
shaded area on plaintiff's Exhibit 2-B
at the circuit court's hearing for legal
description on remand in 1984.

FIGURE 1