Joshua AVIDAN, Appellant,

v.

TRANSIT CASUALTY COMPANY, in receivership, J. Burleigh Arnold, special deputy receiver, in his personal and official capacities, Respondents.

No. SC 81985.

Supreme Court of Missouri,
En Banc.

June 27, 2000.

Jon E. Beetem, Jefferson City, for appellant.

Michael L. Blumenthal, Kansas City, James C. Owen, Katherine S. Walsh, Chesterfield, Lori J. Levine, Carson & Coil, P.C., Jefferson City, for respondents.

1. All statutory references are to RSMo 1994, unless otherwise noted.

WILLIAM RAY PRICE, Jr., Chief Justice.

This case involves claims by an individual against an insurance receivership and the special deputy receiver for breach of an employment contract and violation of civil rights pursuant to 42 U.S.C. section 1983. We hold that we are without jurisdiction to consider the claims against the receivership because they were not finally disposed of below. We further hold that the immunity provided to a deputy receiver for an insurance receivership initiated prior to August 28, 1991, is conditioned upon actions taken in "good faith" and it was error to dismiss a petition alleging the deputy receiver's actions were "willful, wanton and malicious."

I.

In December of 1985, the Circuit Court of Cole County, Missouri, declared Transit Casualty Company ("Transit"), an insurance company, to be insolvent in case no. CV185–1206CC. Pursuant to the Missouri insurance laws embodied in chapter 375, RSMo 1994,[1] a permanent receiver was appointed to "do all things necessary to effectuate the winding up and liquidation" of Transit. This action created Transit Casualty Company in Receivership ("Receivership").

On April 16, 1987, with the approval of the receivership court, J. Burleigh Arnold ("Arnold") was appointed Special Deputy Receiver for Receivership. On December 18, 1995,[2] Receivership, through Arnold, entered into a five-year employment contract hiring Joshua Avidan ("Avidan") to serve as the Manager of Information Technology for Receivership. The employment contract contained a forum clause, entitled "Applicable Law," that stated:

> This Agreement shall be governed by, interpreted under and construed in accordance with the internal laws of the State of Missouri without giving effect to

2. The employment contract was to become effective January 1, 1996.

the choice of law provisions thereto. Each party hereto irrevocably submits to the exclusive jurisdiction of the Circuit Court of Cole County, Missouri for any action or proceeding arising out of or relating to this Agreement for the purpose of hearing and deciding all claims in respect of such action or proceeding. Each party irrevocably waives the defense of an inconvenient forum to the maintenance of such action or proceeding. Each party irrevocably consents to the service of process which may be served in any action or proceeding by mailing copies thereof to such party at its address specified hereunder or as thereafter changed by proper notice.

The contract was reviewed and approved by the receivership court.

On June 19, 1996, Arnold terminated Avidan's employment with Receivership. Avidan filed suit against Receivership for breach of contract, and against both Receivership and Arnold for deprivation of his civil rights under 42 U.S.C. section 1983. Avidan alleged that Arnold's actions were "willful, wanton and malicious." Pursuant to his employment contract's "Applicable Law" provision, Avidan filed these claims in the Circuit Court of Cole County, Missouri, but under a separate case, case no. CV197–552CC. Avidan demanded a jury trial.

On April 13, 1998, the trial court dismissed Avidan's claim against Arnold based on Arnold's claim of statutory immunity. The court also determined that it lacked jurisdiction to hear Avidan's claims against Receivership outside of case no. CV185–1206CC and transferred those claims as "timely-filed claims" to the receivership proceeding, although the transfer was to be held in abeyance if Avidan filed a notice of appeal.

## II.

■ In all appeals, we are required to examine our own jurisdiction. *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995); *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). An appeal will only lie from a final judgment. Section 512.020, RSMo 1994; Rule 74; *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997); *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995); *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). To be final, a judgment must leave nothing for future consideration. *Johnson v. Great Heritage Life Ins. Co.,* 490 S.W.2d 686, 688 (Mo.App.1973). "If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter, it is not a final, appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom." *Wallace v. Hankins,* 541 S.W.2d 82, 84 (Mo.App.1976).

■ The trial court's "Judgment" stated:

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss of Defendant [Receivership] and Defendant Arnold is granted, the cause is dismissed as against Defendant Arnold and as against Defendant [Receivership] in this action in that the causes of action against Defendant [Receivership] are transferred to the Circuit Court of Cole County, Missouri, in Cause No. CV185–1206CC, and shall be treated as timely-filed claims against Transit Casualty Company in Receivership, said transfer *to be held in abeyance* if [Avidan] files a Notice of Appeal and until said appeal is prosecuted or dismissed.

This judgment dismissing all of [Avidan's] claims against all Defendants is the final action of this Court in Circuit Court Case No. CV197–552CC and, therefore, *pursuant to Rule 74.01(b), the Court expressly finds that there is no just reason for delay of an appeal* of this dismissal. (emphasis added)

It is clear this judgment does not finally dispose of Avidan's claims against Receivership for three reasons.

First, the order provides that Avidan's claims for relief against Receivership are not finally dismissed, but merely "transferred to" the receivership cause of action. Avidan is free to pursue a remedy in that proceeding and to pursue an appeal therefrom if necessary.[3] A judgment that does not fully dispose of a claim is not final. Second, the trial court specifically notes that even the transfer of these claims is "to be held in abeyance" in the event of an appeal of the dismissal of Avidan's claim against Arnold. Finally, the trial court cites to Rule 74.01(b). This rule states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Accordingly, it appears that the trial court intended to sever its dismissal of Avidan's claim against Arnold and allow an immediate appeal of it, but to retain jurisdiction over the claims of Avidan against Receivership. We have jurisdiction only over the claim against Arnold. We have no jurisdiction over the attempted appeal of Avidan's claims against Receivership.

### III.

### A.

The trial court dismissed Avidan's claim against Arnold on the basis of statutory immunity. Two statutes provide immunity to individuals acting as receivers for insurance companies under liquidation, section

375.650.2 and section 375.1182.5. Section 375.650.2 provides:

> The receiver, special deputy receiver, commissioners and special masters appointed by the court, the agents and employees of the receivership and the commissioners and employees of the state of Missouri when acting with respect to the receivership shall enjoy absolute judicial immunity and be immune from any claim against them personally for any act or omission while acting in good faith in the performance of their functions and duties in connection with the receivership.

Section 375.1182.5 provides:

> The director as liquidator, any special deputy who is appointed by the director and whose appointment is approved by court ... when acting with respect to the liquidation shall enjoy absolute judicial immunity and be immune from any claim against them personally for any act or omission in the performance of their functions and duties in connection with the liquidation.

For the purposes of Avidan's claim, the primary difference between these two statutes is that section 375.650.2 contains a "good faith" requirement.[4] Another statute, section 375.1158.1, determines which of these immunity statutes applies to any particular receiver.

Section 375.1158.1 was enacted in 1991 and substantially amended in 1992. It provides three temporal reference points for determining which of the above statutes apply. First, it states:

> Unless otherwise provided, the portions of section 375.1150 to 375.1246 which substantively affect the rights of any

---

3. It appears that Avidan's primary concern is whether he will be allowed a jury trial in the receivership proceeding. This issue was not ruled upon below and is not ripe for our consideration.

4. We do not know why the legislature chose in section 375.1182.5 to eliminate the "good

faith" requirement and to allow the receiver and his or her deputies such extraordinary immunity from state law claims. The extent to which this section might bar claims under 42 U.S.C. section 1983 is not certain. *See Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

person shall be only applicable prospectively.

Then it provides:

The provisions of section 375.650 to 375.700, sections 375.740 and 375.750, and sections 375.950 to 375.990 shall be effective and apply only to proceedings instituted pursuant to those sections prior to August 28, 1991.

Finally, it declares:

The provisions of sections 375.1150 to 375.1246 which are procedural in nature and which do not conflict with any provision of section 375.570 to 375.750 and sections 375.950 to 375.990 applicable to any proceedings instituted prior to August 28, 1991, shall be applicable to proceedings instituted prior to August 28, 1991; provided that the provisions of this subsection shall not affect any final order entered by a court of competent jurisdiction prior to August 28, 1991.

■ In applying section 375.1158.1, we first note that statutes granting immunity are substantive and not procedural. *Brennecka v. Director of Revenue*, 855 S.W.2d 509, 511 (Mo.App.1993); *see Wilkes v. Missouri Highway and Transp. Com'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). This eliminates the third provision of section 375.1158.1.

The first temporal reference point is helpful, but inconclusive. Although it states that section 375.1182.5 shall "only be applied prospectively," it is not clear what event is the triggering point; the date of filing the receivership action, 1985; the date of Avidan's discharge, 1996; or the date Avidan's suit was filed, 1997.

■ The second temporal reference point, however, clarifies the statutory scheme by stating that, "The provisions of sections 375.650 to 375.700, sections 375.740 and 375.750, and sections 375.950 to 375.990 shall be effective and apply only to *proceedings* instituted pursuant to those sections prior to August 28, 1991." These sections relate to the process of obtaining a judgment that an insurance company should be dissolved or rehabilitated, and the resulting procedures arising out of that judgment. Thus, "proceedings," as used in section 375.1158.1, refers to the trial court's original determination to place Transit in receivership. Accordingly, section 375.650.2 is the applicable immunity statute for receivership proceedings initiated prior to August 28, 1991.

### B.

■ Section 375.650.2 provides two different immunities to Arnold as deputy receiver. First, he is allowed "absolute judicial immunity." Second, the statute also provides that the receiver "be immune from any claim against [him] personally for any act or omission." Both of these immunities, however, are conditioned upon his "acting in good faith" in the performance of receivership functions.

■ Avidan's petition alleges that Arnold's "violation of plaintiff's Fourteenth Amendment rights and rights under 42 U.S.C. section 1983 was willful, wanton and malicious." Such actions, if they are proved, will exceed the good faith immunity provided by section 375.650.2 and it was error for the trial court to dismiss this claim.

### IV.

Avidan's attempted appeal of his claims against Receivership is dismissed for lack of jurisdiction. The judgment of the trial court dismissing Avidan's claim against Arnold is reversed and remanded.

All concur.