In re the MARRIAGE OF Shelly WERTHS, Respondent,

and

Donald Bradley, Respondent,

and

Director, Division of Child Support Enforcement, Appellant.

No. SC 82586.

Supreme Court of Missouri, En Banc.

Dec. 27, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Carolyn H. Kerr, Jefferson City, for Appellant.

Karl H. Timmerman, Grandview, Troy D. Losh-North, Holden, for Respondents.

PER CURIAM.

The Division of Child Support Enforcement (DCSE) appeals from the trial court's finding that no modification of the existing child support order is warranted. Appeal dismissed.

DCSE asserts four claims of error. First, the trial court erred in declaring sections 452.370.8, 454.400.2(13), 454.498, RSMo Supp.1999, violative of the due pro-

cess and equal protection provisions of the United States Constitution and the Missouri Constitution. Second, the trial court erred in declaring sections 452.370.8, 454.400.2(13), and 454.498, RSMo Supp. 1999, violative of the separation of powers and judicial review provisions of the Missouri Constitution. Third, the trial court erred in declaring sections 454.490.1 and 454.513, RSMo Supp.1999, violative of the separation of powers and judicial review provisions of the Missouri Constitution. Fourth, the trial court erred when it set aside the order of the director of DCSE modifying the existing child support order.

In all appeals, this Court is required to examine its jurisdiction *sua sponte*. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000); *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995); *Committee for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). "A prerequisite to appellate review is that there be a final judgment." Section 512.020, RSMo 1994; *Boley*, 905 S.W.2d at 88. If there is no final judgment, this Court lacks jurisdiction and must dismiss the appeal. *Avidan*, 20 S.W.3d at 523. A judgment is final only if it leaves nothing for future determination. *Id.; see also* Rule 74.01(b). "If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter, it is not a final, appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom." *Id.* (quoting *Wallace v. Hankins*, 541 S.W.2d 82, 84 (Mo.App. 1976)).

A review of the record in this case reveals that the trial court's intended judgment does not constitute an appealable order under the final judgment rule. In one portion of its intended judgment entry, that portion in which the trial court

found an absence of substantial and continuing changed circumstances so as to defeat the order of the director of DCSE modifying child support, the trial court, apparently acting pursuant to section 454.496.7, RSMo Supp.1999, ordered, among other things, "This cause shall be set for Trial de Novo." As a consequence, the intended judgment, contemplating a trial de novo, does not finally dispose of all the claims; the outcome of the case is left to future determination in a new trial. Because the claims presented here have not been finally disposed, this Court has no jurisdiction over DSCE's appeal.[1]

DSCE's appeal of the trial court's decision is dismissed for lack of jurisdiction.

All concur.

---

1. Rule 74.01(b) provides an exception to the final judgment rule for cases involving multiple claims or multiple parties. Under Rule 74.01(b), a trial court may issue a final order disposing of less than all claims or parties and certify that there is "no just reason for delay." Rule 74.01(b). If the trial court intended its order to be an immediately appealable final order, it may, of course, consider proceeding under Rule 74.01(b) if the requirements of the rule are met.