Mark M. TENDAI, M.D., Appellant,

v.

MISSOURI STATE BOARD OF REG-
ISTRATION FOR THE HEAL-
ING ARTS, Respondent.

No. SC 83783.

Supreme Court of Missouri,
En Banc.

June 11, 2002.

Johnny K. Richardson, Gregory C. Mitchell, Jefferson City, for Appellant.

Glenn E. Bradford, Kansas City, for Respondent.

Duane E. Schreimann, Jefferson City, Amicus Curiae.

PER CURIAM.

The State Board of Registration for the Healing Arts disciplined Dr. Mark Tendai after receiving complaints regarding his prenatal care of two obstetrical patients. The action of the Board was based on an earlier determination by the Administrative Hearing Commission that cause existed to impose discipline. To contest these decisions, Dr. Tendai filed a petition for review in the Circuit Court of Cole County alleging, *inter alia,* that the determination of the AHC and the discipline imposed by the Board was arbitrary and capricious and unsupported by competent and substantial evidence. Dr. Tendai also challenged the constitutional validity of section 334.100.2(5) and (25), RSMo, the statute under which he was disciplined, and raised an equal protection claim based in part on an allegation that Dr. Tendai "received discipline far more severe than other physicians engaged in similar or more serious conduct."

The circuit court affirmed the decision of the AHC and affirmed in part and reversed in part the decision of the Board. The reversal was based on the court's determination on the equal protection

claim that "the Board made no findings of fact as to the similarity or dissimilarity of petitioner's case to the prior cases cited by petitioner at the time of his disciplinary hearing ..., which failure prevents this Court from conducting a review of petitioner's claim ... [and] constitutes error to the substantial prejudice of petitioner." In conclusion, the court ordered, "This cause is reversed and remanded to the Board of Registration for the Healing Arts."

This Court examines its jurisdiction *sua sponte. Greenbriar Hills Country Club v. Dir. of Revenue,* 47 S.W.3d 346, 351 (Mo. banc 2001). Although Dr. Tendai predicates jurisdiction on his challenge to the constitutional validity of section 334.100.2 under art. V, sec. 3, Mo. Const., there still must be a final judgment against Dr. Tendai from which an appeal may be taken. *Avidan v. Transit Cas. Co.,* 20 S.W.3d 521, 523 (Mo. banc 2000). A final determination on all issues is necessary to avoid piecemeal litigation. *State ex rel. Crites v. Sho–Me Dragways,* 719 S.W.2d 785, 786 (Mo. banc 1986). The circuit court's partial reversal and remand to the Board leaves open a part of the case that, theoretically, could result in a ruling in Dr. Tendai's favor that no discipline is warranted. This is a live issue that has not been resolved, and a ruling in Dr. Tendai's favor could moot his appeal. As the case stands now, there were only two ways that arguably might have conferred jurisdiction in this Court: 1) the circuit court could have entered judgment "as to one or more but fewer than all of the claims or parties ... upon an express determination that there is no just reason for delay," under Rule 74.01(b); or 2) the Board, itself, or perhaps even Dr. Tendai could have appealed the circuit court's reversal and remand on the equal protection issue. Nei-

ther measure was attempted. The appeal is dismissed.

All concur.