Lana COLEMAN, Appellant,

v.

Anthony COLEMAN, Respondent.

No. ED 85264.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 28, 2006.

Jeanne Meyer Fox, Kirkwood, MO, for appellant.

Larry Delano Coleman, Raytown, MO, for respondent.

BOOKER T. SHAW, Judge.

Lana Coleman ("Wife") appeals from the trial court's judgments dated May 28, 2004, November 24, 2003, and August 22, 2003 relating to two motions to "Cite and Punish [Anthony Coleman ("Husband")]"

for Contempt and/or to Determine Amounts Due to [Wife] from [Husband]" under the original divorce decree. We dismiss this appeal for lack of jurisdiction.

### Facts and Procedural History

The record before us appears to be incomplete. However, we glean the facts and procedural history as follows: Wife and Husband's marriage was dissolved on March 13, 1998 and the trial court entered a judgment dividing the marital property and awarding child support, time-limited maintenance and statutory maintenance to Wife ("Decree"). Neither party appealed the Decree. On January 23, 2003, Wife filed her first motion entitled "To Cite and Punish [Husband] for Contempt and/or to Determine Amounts Due to [Wife] from Husband" ("First Motion") requesting the trial court to enforce the provisions of the Decree. The prominent issues raised in this First Motion were whether (i) Wife is entitled to the title of the family residence pursuant to Section 17(a); (ii) Husband is in arrears on child support; (iii) Husband is in arrears on time-limited and statutory maintenance awarded to Wife; (iv) Husband converted IRA funds that were awarded to Wife; and (v) Wife is entitled to attorney's fees. In response, Husband filed a motion to dismiss. On February 18, 2003, the cause was heard. The parties agreed, and an order was entered, to sell the family residence. From the record before us, none of the issues raised in the First Motion were resolved, and only one issue, regarding the family residence, was addressed.

Pursuant to a court order dated March 26, 2003, the trial court appointed a real estate commissioner to sell the family residence and ordered the sale proceeds escrowed until further court order. On August 22, 2003, the trial court entered an order finding the family residence was sold and awarding $45,000 of the sale proceeds to Wife pursuant to the Decree for her interest in the family residence. The trial court also found that Husband was in arrears for child support in the amount of $83,730.04.[1] The remaining sale proceeds were to be escrowed until further court order ("August Judgment").

One month later, on September 22, 2003, the Wife made a "Request for Findings" wherein she reiterated the same issues that were raised in her First Motion. On that same day, another hearing was held on Wife's First Motion, where according to the record before us, evidence was adduced on the issues raised in the First Motion. On November 24, 2003, the trial court entered an order making a finding on only one issue set forth in the First Motion. The trial court found that Section 17(a) of the Decree was unenforceable, thereby effectively vesting title to the family residence in Husband ("November Order"). The cause was continued until February of 2004.

Based on this finding, on December 14, 2003, Husband filed a motion seeking to receive the remainder of the sale proceeds. On January 22, 2004, Wife filed a motion in opposition to Husband's motion and filed a second motion to "Cite and punish [Husband] for Contempt and/or to Determine Amounts Due [Wife] from [Husband]" ("Second Motion"). In this Second Motion, she reiterates the same issues as set forth in her First Motion. On April 23, 2004, Husband renewed his motion seeking the remainder of the sale proceeds and attorney's fees.

On May 28, 2004, the trial court entered a judgment awarding the remainder of the

---

1. Wife contends here, and in her Second Motion, as defined in the text, that this calculation was not the total amount due.

sale proceeds to Wife ("May Judgment"). The court reasoned that Wife had a judgment lien which attached to the family residence before it was sold in September 2003 stemming from the August Order which awarded her child support. The trial court made no further findings regarding the issues raised in Wife's Second Motion. Further, the trial court noted that it did not decide the matter of attorney's fees because such issue was "premature because there remain substantive issues to be resolved." Wife appeals.[2]

### Analysis

 This Court has a duty to examine its jurisdiction *sua sponte*. *See In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). "In order for an appeal to lie, there must be a final judgment or order." *Strickland v. Strickland*, 941 S.W.2d 866, 867 (Mo.App. S.D.1997). "If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter, it is not a final, appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom." *Werths*, 33 S.W.3d at 542 (quoting *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000)).

Until a final judgment is rendered, jurisdiction remains in the trial court, despite the filing of a notice of appeal. *Reynolds v. Reynolds*, 109 S.W.3d 258, 269 (Mo.App. W.D.2003). Where the appeal is premature because it is from a non-final and, thus, nonappealable judgment, the trial court retains jurisdiction over the case. *Id.* (citing *Kilmer v. Browning*, 806 S.W.2d 75, 85 (Mo.App. S.D.1991). The premature notice of appeal "shall be considered as filed immediately after the time the judgment becomes final for the purposes of appeal.") *Id.* at 270; *see* Rule 81.05(b).

Here, Wife claims error in regard to the trial court's rulings in the May Judgment, the August Judgment, and the November Judgment. From the record before us, it appears that although the trial court has had Wife's First Motion before it for over three years, it has still not disposed of most of the issues raised therein or formed a final disposition of the matters. The record indicates the trial court has not yet determined the amount of child support arrearage due to date, the amount of statutory and time-limited maintenance arrearage due to date, the issue of Husband's alleged conversion of the IRA funds, and attorney's fees. Further, the trial court noted its judgments were not final, by including language in the judgments stating "pending trial on these matters" and "there remain substantive issues to be resolved." As the Supreme Court noted in *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo.1969):

> Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable.

Wife's appeal is dismissed for lack of jurisdiction.

DISMISSED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., concur.

---

**2.** Husband initially filed a cross-appeal which was ultimately dismissed. He did not file a responsive brief.