Bruce F. BIRD, Appellant,

v.

MISSOURI BOARD FOR ARCHITECTS, PROFESSIONAL ENGINEERS, PROFESSIONAL LAND SURVEYORS AND LANDSCAPE ARCHITECTS, Respondent.

No. WD 71451.

Missouri Court of Appeals, Western District.

May 11, 2010.

John E. Taylor, Leawood, KS, for Appellant.

Chris Koster, Attorney General, Daryl Hylton, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division II: MARK D. PFEIFFER, Presiding Judge, and VICTOR C. HOWARD and ALOK AHUJA, Judges.

MARK D. PFEIFFER, Presiding Judge.

Bruce F. Bird ("Bird") appeals from the judgment of the Cole County Circuit Court ("circuit court") dismissing Bird's application for attorney's fees and expenses ("fee application") as untimely. Bird argues that he filed the fee application within thirty days of finally prevailing against the Missouri Board for Architects, Professional Engineers, Professional Land Surveyors and Landscape Architects ("Board") in a licensing dispute. We agree.

### Procedural History and Background Facts

The Board filed a complaint against Bird on May 2, 2003, alleging that he violated board regulations 4 CSR 30–3.030(7) and 4 CSR 30–13.010. On April 22, 2004, the Administrative Hearing Commission ("AHC") held a hearing, and on November 22, 2004, authorized discipline under section 327.441.2(6) ordering Bird's license suspended for three years followed by one year of probation. Subsequently, Bird

filed a petition for judicial review on December 17, 2004. On December 30, 2005, the circuit court issued a judgment in Bird's case, which stated:

Now on this 30th day of December, 2005, this matter is again taken up by the court for the purpose of entering its final order and judgment.

The Court, having heard the argument of counsel, having reviewed the administrative record, and being fully advised in the premises, finds the issues in favor of the Petitioner [ (Bird) ] and against Respondent [ (the Board) ].

WHEREFORE, this Court finds that the Findings of Fact, Conclusions of Law, Decision and Order of the Administrative Hearing Commission in [C]ase No. 03–0563 AR [is] unlawful, unreasonable and unsupported by substantial and competent evidence on the record as a whole. This cause is REMANDED to the Administrative Hearing Commission for rehearing and findings not inconsistent with this order.

IT IS SO ORDERED.

The Board appealed the circuit court judgment to the Missouri Court of Appeals which on June 19, 2007, dismissed the appeal and remanded the case back to the circuit court with instructions to dismiss Bird's petition for judicial review.[1] The Missouri Supreme Court then took transfer of Bird's case and itself reversed the AHC's decision on June 10, 2008.[2] On September 3, 2008, the Missouri Supreme Court issued its mandate, and two days later, for the first time, Bird filed a fee application and a motion to recall the mandate with the Missouri Supreme Court. After Bird filed his fee application, the Board filed a "Motion to Dismiss Attorney's Fees Application" on September 22, 2008, which argued the identical timeliness issue upon which the circuit court ultimately relied upon. The Board's Motion to Dismiss did not, however, respond to the substance of Bird's fee application. On September 26, 2008, the Missouri Supreme Court issued an order requesting that the Board file suggestions in opposition to Bird's Motion for Attorney's Fees. The September 26 order specified that "[s]aid Suggestions should set forth information regarding whether [the Board's] position was substantially justified and/or any special circumstances that would make an award unjust."[3] Thus, although the

---

1. Though this Court dismissed the appeal on other grounds, one of the issues that this Court requested (by letter) that the parties address in their briefing was whether the appeal had been taken from a final and appealable judgment. This Court's letter to the parties explained: "A review of the record on appeal in the above-referenced case indicates the lack of a final, appealable judgment. *It appears that the trial court did not finally dispose of this case; rather, it remanded the case for rehearing."* (Emphasis added.)

2. We recognize that a holding that Bird had not fully and finally prevailed before the circuit court and, therefore, had no obligation to file a fee application at that time, may be in tension with the fact that this Court, and the Missouri Supreme Court, ultimately both exercised appellate jurisdiction over the appeal from the circuit court's judgment and, ordinarily, a prerequisite to appellate review is that there is a final judgment, § 512.020, whereas a circuit court judgment remanding a case to an agency for further proceedings may not be final for purposes of appeal. *See Tendai v. Mo. State Bd. of Registration for the Healing Arts*, 77 S.W.3d 1, 2 (Mo. banc 2002). However, *Tendai* itself recognizes that appellate jurisdiction *might* exist, despite a circuit court's remand to an administrative agency, if the agency itself challenged that disposition. *Id.* That is exactly what occurred in this case.

3. Not so coincidentally, § 536.087.1 states: "A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, *unless the court or agency finds that the*

Board had filed a Motion to Dismiss arguing that a threshold issue defeated any substantive analysis of Bird's fee application, the Missouri Supreme Court responded by ordering the Board to address the merits of the application.[4] The Board complied by filing Suggestions in Opposition on October 3, 2008. Notably, those Suggestions make *no* reference to the Board's Motion to Dismiss or to the timeliness arguments raised therein. On October 30, 2008, the Supreme Court issued an order which began: "Motion to recall the mandate sustained. Mandate ordered recalled. New mandate to issue . . . ." On November 3, 2008, the Missouri Supreme Court then issued its amended mandate, which stated, in pertinent part:

> The judgment of the Circuit Court of Cole county is affirmed *as modified by the opinion of this Court* herein delivered and the Circuit Court of Cole County is directed to *set aside its prior judgment and to issue a new judgment in conformity with this Court's* opinion. The circuit court also shall award, in the manner provided in section 536.087, RSMo 2000, what it finds to be Bruce F. Bird's reasonable fees and expenses incurred at the agency, trial and appellate level in this litigation, and the amount thereof, unless the circuit court finds that the position of the state was

substantially justified or that special circumstances make an award unjust.

(Emphasis added.)

Back at the circuit court, the Board filed a motion with the circuit court to dismiss Bird's fee application for exactly the same reasons argued to the Missouri Supreme Court, that is, that the fee application was not timely. Pursuant to section 536.087,[5] the circuit court concluded that Bird was required to file his fee application within thirty days of the final judgment with the court where he first prevailed. The circuit court stated that it issued its initial judgment in the cause on December 30, 2005, and upon ruling after-trial motions on March 27, 2006, the circuit court concluded that its initial judgment became final on March 27, 2006.[6] Thus, the circuit court found section 536.087 required Bird to file his fee application in the circuit court within thirty days of March 27, 2006. However, more than two years later, Bird instead first filed a fee application with the Missouri Supreme Court on September 5, 2008. As a result, the circuit court entered its second judgment dismissing Bird's fee application and stated that the "defect is jurisdictional, and this Court has no jurisdiction to consider the application for attorney's fees and other expenses."[7] This appeal follows.

---

position of the state was *substantially justified* or that *special circumstances* make an *award unjust."* (Emphasis added.)

4. This is roughly similar to civil practice in circuit courts: while a defendant's obligation to answer the substance of a petition is stayed while a motion to dismiss is pending, if the motion to dismiss is denied, the movant is required to answer the petition on the merits.

5. All statutory citations are to RSMo 2000 unless otherwise indicated.

6. Rule 81.05(a)(2) states:
 If a party timely files an authorized after-trial motion, the judgment becomes final at

the earlier of the following: (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

7. *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), made clear that there are only two types of jurisdiction in Missouri state courts: personal jurisdiction, which refers to the power of the court to require a person to respond to a legal proceeding, and subject matter jurisdiction, which refers to the court's authority to render

## Standard of Review

This case arises from the circuit court's dismissal of Bird's fee application pursuant to section 536.087. The standard of review for a circuit court's grant of a motion to dismiss is *de novo. Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008).

## The Mandate

■ In its initial judgment, the circuit court remanded the case to the AHC. In its opinion, the Missouri Supreme Court stated that there was no basis for the circuit court to remand the proceedings back to the AHC, and instead, the Missouri Supreme Court stated that "[n]ormally, this Court would affirm or reverse the decision of [the] trial court. In this case, however, the circuit court was correct in its decision to reverse the decision of the AHC, but there was, for the reasons set forth above, *no basis for remand.*" *Bird v. Mo. Bd. of Architects*, 259 S.W.3d 516, 526 n. 14 (2008) (emphasis added). Therefore, in its mandate, the Supreme Court stated that the circuit court's judgment was "*affirmed as modified* by the opinion of this Court," and the circuit court was instructed to "set aside its prior judgment and to issue a *new* judgment in conformity with this Court's opinion." (Emphasis added.)

More importantly, *after* Bird had filed a fee application and Motion to Recall Mandate with the Supreme Court, *after* the Board filed a Motion to Dismiss the fee application on the grounds that Bird's fee application was untimely, *after* the Supreme Court issued an order directing the Board to address the merits of Bird's fee application, *after* the Board complied and did not file suggestions relying upon a timeliness argument, and *after* the Supreme Court sustained the Motion to Recall Mandate, the Supreme Court issued the following instruction in its amended mandate:

> The circuit court also *shall* award, in the manner provided in section 536.087, RSMo 2000, what it finds to be Bruce F. Bird's reasonable fees and expenses incurred at the agency, trial and appellate level in this litigation, and the amount thereof, *unless* the circuit court finds that the position of the state was substantially justified or that special circumstances make an award unjust.

(Emphasis added.) The mandate's directive that "[t]he circuit court ... shall award ... Bird's reasonable fees and expenses" is subject to only two, specifically identified contingencies: it requires a fee award "unless the circuit court finds [1] that the position of the state was substantially justified or [2] that special circumstances make an award unjust."[8] To the contrary, the circuit court's dismissal did not rely upon either of the mandate-specified conditions.

■ Generally speaking, "'[a] mandate of an appellate court serves the purpose of communicating its judgment to a

---

a judgment in a particular category of cases, namely civil or criminal. Therefore, in this case, the circuit court possessed jurisdiction. The issue of whether a fee application is timely filed is one of statutory authority.

8. We offer no commentary on whether (1) the Board was substantially justified or whether (2) special circumstances make an award of fees unjust in our ruling today. As stated previously, the Supreme Court requested legal suggestions on these topics before sustain-

ing the Motion to Recall Mandate. Instead of making the ruling itself, our Supreme Court felt that the circuit court was in a better position than the appellate courts to make this decision, and hence, this was the purpose for its mandate directing the circuit court to examine those issues and decide whether either exception to an award of fees existed and, absent the same, to determine the appropriate amount of fees to be awarded to Bird.

lower court. It has been described as an 'official mode' of communication. It is not a judgment or decree but a notification of a judgment.'" *Moore v. Beck,* 730 S.W.2d 538, 540 (Mo. banc 1987) (quoting *State v. Pub. Serv. Comm'n,* 360 Mo. 339, 228 S.W.2d 738, 741 (1950)). But *Moore* and later cases make clear that an appellate court's mandate is not a mere transmittal. While the mandate, *standing alone,* may not constitute the appellate court's judgment, the directions a lower court must follow are to be found in the mandate and the appellate court's opinion, *considered together. Moore* itself explains that the "direction [to the lower court on remand] is determined *not only* by the terms of the mandate but *also* by the opinion of the appeals court which the mandate integrates." *Moore,* 730 S.W.2d at 541 (emphasis altered).

 Other, more recent decisions make clear that the terms of the mandate, construed in light of the appellate court's opinion, control further proceedings in lower courts:

> On remand, proceedings in the trial court should be in accordance with both the mandate and the result contemplated in the opinion. "It is well settled that the mandate is not to be read and applied in a vacuum. The opinion is part of the mandate and must be used to interpret the mandate."

*Frost v. Liberty Mut. Ins. Co.,* 813 S.W.2d 302, 304–05 (Mo. banc 1991) (citations omitted); *see also, e.g., Associated Indus. of Mo. v. Dir. of Revenue,* 918 S.W.2d 780, 782 (Mo. banc 1996); *Elrod v. Elrod,* 192 S.W.3d 738, 745 (Mo.App. S.D.2006); *Fischer v. Brancato,* 174 S.W.3d 82, 86 (Mo.App. E.D.2005); *Lombardo v. Lombardo,* 120 S.W.3d 232, 243 (Mo.App. W.D. 2003). Indeed, this Court has recently emphasized that action on remand which is contrary to the mandate is void:

On remand, the scope of the trial court's jurisdiction is defined by the appellate court's mandate. "The mandate serves the purpose of communicating the judgment to the lower court, and the opinion, which is a part thereof, serves in an interpretative function." Following remand, the trial court is required to render judgment in conformity with the mandate. Any orders or adjudications entered by the trial court must be confined to those necessary to execute the appellate court's judgment as set forth in the mandate. Proceedings that are contrary to the directions of the mandate are unauthorized and unenforceable.

*Pope v. Ray,* 298 S.W.3d 53, 57 (Mo.App. W.D.2009) (citations omitted); *see also Amburn v. Aldridge,* 296 S.W.3d 32, 33–34 (Mo.App. W.D.2009) ("In conducting any further proceedings following a final appellate disposition, the trial court may not modify or depart from the mandate.").

Here, the revised mandate issued by the Supreme Court, in response to Bird's Application for Attorney Fees and Motion to Recall Mandate, addresses an issue on which the Court's opinion is completely silent. In these circumstances, where the mandate contains the only directions from the Supreme Court as to the disposition of Bird's fee application, the terms of the mandate must be followed. There obviously would have been no need for the Missouri Supreme Court to *sustain* Bird's Motion to Recall Mandate if it believed the time for his fee application had passed some two and a half years earlier. Moreover, *sustaining* the Motion to Recall Mandate certainly suggests that the Supreme Court *denied* the Board's Motion to Dismiss Bird's fee application (with which the Motion to Recall Mandate was joined). The Supreme Court could hardly *sustain* the Motion to Recall Mandate without nec-

essarily concluding that the motion was *not* subject to dismissal.

The circuit court had no authority to ignore the directive of the Missouri Supreme Court's mandate. Because it did, its judgment of dismissal must be reversed.

### Prevailing Party Issue

■ Even if the Board's timeliness objections were not foreclosed by the Supreme Court's mandate, another ground for reversal exists: in the circumstances of this case, Bird cannot be said to have fully and finally prevailed following the circuit court's initial disposition.

While a prevailing party may be required to assert his right to attorney's fees under section 536.087 within thirty days of having finally prevailed, *Davis v. Angoff,* 957 S.W.2d 340, 343 (Mo.App. W.D.1997), the language of the circuit court's original judgment left in doubt whether issues remained for further disposition when it ordered the cause "[R]EMANDED to the AHC for rehearing and findings not inconsistent with this order." [9]

The capitalized instruction that the case had been "REMANDED" to the AHC would certainly suggest that further proceedings could occur and that the possibility yet remained that Bird's professional engineering license could be subjected to discipline. We believe there would have been reason to interpret the circuit court's initial Order and Judgment in this fashion, because Bird had made arguments to the circuit court which would have justified a remand, rather than outright reversal. For example, Bird argued (1) that in imposing discipline the Board had considered Bird's allegedly improper sealing of more

drawings than the AHC had found to be improperly sealed; (2) that the AHC had failed to consider the effect of a new regulation governing professional engineers' conduct; and (3) that improper closing argument had influenced the Board's selection of the discipline to impose. Bird's counsel repeatedly acknowledged during oral argument in the circuit court that these arguments would not justify outright reversal but merely remand. In illustration thereof, on the topic of the argument that the AHC should have considered Bird's conduct in light of a later-promulgated regulation, Bird's counsel argued that, if this argument was accepted:

> I suppose at that point we would require you to send it back ... to the Commission ... for reconsideration of its decision. I don't know that you can outright reverse [the] Commission['s] decision based on my argument, is my point.

With regard to the argument that the Board may have imposed discipline based on the improper sealing of more drawings than the AHC's decision would support, Bird's counsel similarly explained that "what I'm requesting is that it be sent back to the Board for a hearing to make sure that" it considered only the improprieties found by the AHC, and no other. With respect to the improper closing argument point, Bird's counsel likewise emphasized that the relief he was requesting was "to send it back and have them not consider that statement."

Thus, the statement in the circuit court's Order and Judgment that the case was being "REMANDED" could justifiably have led Bird to believe that his violation of rules of professional conduct, and/or the discipline to be imposed for any such viola-

---

**9.** As stated previously herein, this Court actually communicated to the parties in the first appeal that "[i]t appears that the trial court did not finally dispose of this case; rather, it remanded the case for rehearing."

tion, were subject to further proceedings and determination.[10]

Indeed, *the Board* interpreted the Order and Judgment—at least initially—in just this fashion: the description of the case included in the Board's Notice of Appeal states that the Board was appealing "the circuit court's decision reversing the decision of the Administrative Hearing Commission *and remanding the case for a new hearing.*" (Emphasis added.)

This confusion as to the circuit court's disposition was ultimately addressed by the Missouri Supreme Court in its opinion in the earlier appeal. The Supreme Court noted that, "[t]he circuit court was correct in its decision to reverse the decision of the AHC, but there was, for the reasons set forth [in the Supreme Court's Opinion], no basis for remand." *Bird,* 259 S.W.3d at 526 n. 14. Citing Rule 84.14, the Supreme Court accordingly *modified* the circuit court's disposition from a *remand* to an outright *reversal* of the AHC. *Id.* Until the Supreme Court *modified* the circuit court's initial judgment, however, it was unclear whether Bird had, in fact, fully and finally prevailed.[11]

Notably, the Supreme Court did not simply *interpret* the circuit court's initial Order and Judgment as an outright reversal. Instead, it *modified* the circuit court's judgment to specify this outcome. The

outright reversal, which triggered Bird's duty to file a fee application under section 536.087, did not exist prior to the Supreme Court's issuance of its Opinion and mandate, *modifying* the circuit court's initial judgment to achieve that result.

During oral argument on Bird's fee application on remand from the Supreme Court, the circuit court acknowledged that "there's a little weakness in my order" and that "I shouldn't have set it for rehearing, I guess." The circuit court, nevertheless, stated that its initial decision had triggered Bird's obligation to file a fee application, because "I don't think I intended that the Board could have had another hearing." The circuit court's present judgment essentially acknowledges that its *intended* result in the initial judgment (as recollected 3½ years later) differed from what its initial judgment *actually said:*

> Although the court's December 30, 2005 order remanded the case back to the Administrative Hearing Commission with instructions that it rehear the matter and enter findings not inconsistent with the findings in the order, *it was the court's intention* that the December 30, 2005, order serve as a final order and judgment.

(Emphasis added.)

The circuit court's unexpressed intentions, which it acknowledged were in con-

---

**10.** Given the fact that Bird's various arguments supported different relief (reversal of the specific discipline imposed *versus* reversal of the finding that his license was even subject to discipline; remand for further proceedings *versus* remand solely for purposes of vacation of the discipline previously imposed), it is unfortunate that the circuit court's initial Order and Judgment did not more specifically identify *which* of Bird's arguments it had accepted and exactly *what relief* it was awarding.

**11.** In *Greenbriar Hills Country Club v. Director of Revenue,* 47 S.W.3d 346, 350 (Mo. banc 2001), the Missouri Supreme Court ref-

erenced the fact that, procedurally, Greenbriar filed its fee application in three separate forums, acknowledging that Greenbriar was confused as to which forum was appropriate under the statute. Certainly, the Missouri Supreme Court did not penalize Greenbriar for exercising an abundance of caution in this regard. It follows that a party in this setting might well be guided by the principle that when there is doubt on the issue of whether a party has prevailed, the safer practice is to file a fee application in any or all possible forums that may constitute the forum of "final disposition" or "final judgment."

flict with the written judgment it had entered, cannot justify denial of Bird's fee application. While litigants are required to read and follow a court's *judgment,* they cannot be expected to read the court's *mind.* What the circuit court may have *intended* cannot support Bird's loss of his statutory right to attorney's fees in the circumstances of this case unless, upon remand to the circuit court, the circuit court expressly concludes that (1) the position of the state was substantially justified or (2) that special circumstances make an award unjust.

## Conclusion

The circuit court's judgment of dismissal is reversed and remanded with instructions to comply with the directive of the Missouri Supreme Court's amended mandate of November 3, 2008, namely: The circuit court *shall* award, in the manner provided by section 536.087,[12] what it finds to be Bird's reasonable fees and expenses incurred at the agency, trial, and appellate levels in this litigation, and the amount thereof, *unless* the circuit court finds that (1) the position of the state was substantially justified or (2) that special circumstances make an award unjust.

VICTOR C. HOWARD, and ALOK AHUJA, Judges, concur.

---

12. The phrase "[i]n the manner provided by section 536.087" necessarily refers to the statutorily required method of Bird's submission of a fee application, including but not limited to, an itemized statement of actual time expended and expenses incurred, § 536.087.3; circuit court resolution by a written decision separate from the underlying judgment, including written findings and conclusions, § 536.087.6; and limits placed on the hourly rates that can be collected for attorney and expert time, § 536.087.1 (incorporating the limitations found in § 536.085(4)).